In the Matter of the Estate of Betty L. Harnetiaux, Deceased, and Robert L. Harnetiaux, Administrator of the Estate of Betty L. Harnetiaux, Deceased, Administrator-Appellant, v. Franklin M. Hartzell, Claimant-Appellee.

Franklin M. Hartzell, Cross-Appellant, v. Robert L. Harnetiaux, Administrator of the Estate of Betty L. Harnetiaux, Deceased, Cross-Appellee.

Gen. No. 67–6.

Third District.

January 19, 1968.

Wooleyhan, Nielson & Adams, and William F. Nissen, of Quincy, for appellant.

Franklin Hartzell and John R. Glidden, of Carthage, and Leon L. Lamet, of Warsaw, for appellee.

ALLOY, P. J.

Robert L. Harnetiaux, administrator of the Estate of Betty L. Harnetiaux, deceased, has appealed to this court seeking reversal of an order of the Circuit Court of Hancock County allowing attorney's fees to Franklin M. Hartzell, an attorney, in the sum of $15,000. Franklin M. Hartzell, the attorney, cross-appeals for payment of the full amount of a contingent fee based on a contingent fee agreement in the total sum of $18,750.

Betty L. Harnetiaux died on December 19, 1965, as a result of injuries sustained in a gas explosion in Keokuk, Iowa, on November 24, 1965. Her husband, the administrator-appellant in this cause, who was then 39 years of age survived her and she was also survived by a 14-year-old daughter who was mentally retarded. Robert L. Harnetiaux had approached Franklin M. Hartzell for assistance in preparation of an application for Illinois Inheritance Tax Consents for funds held by him and his deceased wife in joint tenancy. There appeared to be no other assets in the deceased wife's estate other than the claim for wrongful death.

For a number of weeks following the completion of the work on the application for inheritance tax consents, the administrator, Robert L. Harnetiaux considered employing a firm of attorneys in St. Louis, Missouri, or the employment of Franklin M. Hartzell in handling Harnetiaux's personal claim for injuries and the claim of the estate for wrongful death of his wife. The St. Louis attorneys had submitted a written contingent fee contract based upon a fee of $33\frac{1}{3}\%$ recovered by way of settlement and 40% in the event of recovery through a trial.

Franklin M. Hartzell had agreed by an oral arrangement to a contingent fee contract of 25% of any amount which was recovered by way of settlement, or 33⅓% of any amount recovered through a trial. The contingent fee arrangement which was suggested by Attorney Franklin M. Hartzell was the usual, customary and reasonable fee of the Hancock County Bar Association in such cases. The administrator thereafter determined to employ Franklin M. Hartzell on the basis of the oral contingent agreement.

After his employment, Attorney Hartzell gathered evidence concerning the cause of death. He interviewed the Administrator; the teacher of the child of the decedent; the Director of the County Education System as to tests of the child; and the attending physician at Keokuk, Iowa. Through an associate and through members and associates of a firm of attorneys in Keokuk, Iowa, with which he had entered into a contract to press the claim in the Iowa courts, a number of witnesses were interviewed with reference to the incident causing death. The scene was visited, photographs were obtained, searches were made of the records of the City of Keokuk with respect to ordinances concerning gas usage and gas lines, etc. An interview was had with a representative of an engineering company in Muscatine, Iowa, and a report secured from such company. The attorney made a study of the applicable law and the facts of the case were evaluated by him in relation thereto to determine the probabilities and possible amount of verdict. Attempts were made to determine the factors relating to proper handling of natural gas since there were no eyewitnesses who could identify the exact cause of the explosion. The facts relating to the decedent such as life expectancy and the survivors were checked for the purpose of analyzing the claim.

About five months after the oral contingent fee contract had been entered into, a representative of the insurance carrier for the gas company approached Attorney

Hartzell to discuss the possibility of settlement for damages to Mr. Harnetiaux and for the wrongful death of his wife. The first contact was made following the filing of another suit in the District Court of Lee County, Iowa, against the gas company by another party. After a demand was made by Attorney Hartzell of an aggregate of $150,000 for the two claims, the insurance carrier made an offer of $40,000 in settlement of both claims. Numerous contacts were thereafter made with the insurance carrier either by Attorney Hartzell or by the Iowa firm of attorneys with whom he had become associated in an effort to press the claim. Finally, as a result of these conferences, an offer was made in the aggregate sum of $100,000 for both claims; $75,000 of which was for settlement of the wrongful death claim and $25,000 for injuries to the administrator individually. The attorney recommended acceptance of the offer and after a period of three or four weeks, the administrator agreed upon the settlement.

The record discloses that in the meantime, the trial court (the Circuit Court of Hancock County) approved settlement for damages for another death growing out of the same occurrence in the sum of $75,000 and approved contingent fees in the same percentage sought by the attorney in his cross-appeal. After acceptance of the settlement by the administrator in the cause now before us a petition was filed in Hancock County Circuit Court seeking approval of $75,000 for the wrongful death of the spouse of the administrator and for attorney's fees based upon the provisions of the contingent fee contract in the amount of $18,750. The petition was subscribed and sworn to by the administrator. There is no record before us of the testimony of the hearing but obviously the existence of the contract was acknowledged by the administrator. Before the evidence was offered, the trial court posed the question to the administrator as to whether or not he was satisfied or whether he would like to have

the fees fixed at a lesser sum. Attorney Hartzell at this time pointed out that there was a conflict and that the administrator would be required to seek his own counsel for determination of that issue.

Thereafter, the attorney filed his individual petition for allowance of attorney's fees based upon the contingent fee contract and at the hearing held thereon on September 19, 1966, the administrator filed his written objections to the allowance of the attorney's fees. At that hearing, Attorney Hartzell offered his testimony as to his efforts and undertakings as attorney for the administrator and the preparation of Harnetiaux's individual claim for damages and the claim for wrongful death of his wife and as to the terms of the agreement for the contingent fee contract. Testimony with respect to the reasonableness of the terms of the contingent fee contract was received from attorneys in the area experienced in the field of personal injury litigation, including one of the attorneys who had had a settlement approved before the same trial judge for a wrongful death growing out of the same occurrence and for the same amount of money and on the same contingent fee contract basis sought by the Attorney Hartzell. No evidence was offered by the administrator other than cross-examination of Attorney Hartzell.

The trial court entered an order approving a fee of $15,000 rather than the amount of the fee provided by the contingent fee contract of $18,750. From this decision of the trial court, the administrator took his appeal and Attorney Hartzell cross-appealed for approval of the contingent fee in the contract of $18,750.

On appeal in this court, the administrator contends that the fees allowed to Attorney Hartzell were excessive, unreasonable, and unjustified. He contends that the contingent fee contract under the facts was not justified as a matter of law and established professional ethics on the premise that the number of hours spent by appellee

in his representation was not shown and also that there was not a great risk involved in handling the case. There is a further contention that the incompetent minor as a beneficiary of two-third's of the estate should not be bound by the contingent fee contract and also that the attorney had established a confidential relationship with Harnetiaux when he was consulted with respect to the inheritance tax consents.

 The courts of this State have consistently found that a personal representative of an estate may enter into a contingent fee contract prior to appointment, and without court approval, and upon appointment is bound under the doctrine of relation back (Bennett v. Chicago & E. I. R. Co., 327 Ill App 76, 81, 63 NE2d 527; Globe Acc. Ins. Co. v. Gerisch, 163 Ill 625, 631, 45 NE 563; Mason v. Papadopulos, 12 Ill App2d 140, 145, 138 NE2d 821; Phelps v. Elgin, J. & E. Ry. Co., 37 Ill App2d 46, 51, 184 NE2d 799). Under the terms of the Wrongful Death Act, 1965 Illinois Revised Statutes, Ch 70 § 2, it is clearly provided that every action for wrongful death shall be brought in the name of the personal representative of the deceased person. There is no requirement that a guardian of the minor child intervene in such action. The right to institute a wrongful death action and to settle the same is with the personal representative of the deceased and not with an heir (Ryan v. Chicago, M. & S. P. & P. R. Co., 259 Ill App 472, 478).

Contingent fee contracts are the basic means by which much litigation in tort is conducted in this State. A contingent fee contract providing for the percentages established in the cause before us has not been considered inconsistent with professional ethics but in fact has been incorporated as a suggested minimum fee in the schedule of the Illinois State Bar Association and numerous county bar associations including the Hancock County Bar Association, in which county Attorney Hartzell practiced.

■ There is no basis in the record or on principle in the claim that an attorney's fee based on a contingent fee contract of 25% on settlement or 33⅓% as a result of a trial in an action for wrongful death is so grossly excessive as to shock the judicial conscience (Bennett v. Chicago & E. I. R. Co., supra; Phelps v. Elgin, J. & E. Ry. Co., supra). A different principle would apply in allowance of fees paid out of property in litigation such as in derivative action where there has been no prior agreement as to compensation as between the attorney and the client (Orme v. Northern Trust Co., 29 Ill App2d 75, 91, 172 NE 2d 413). An attorney has the right to contract with respect to his compensation before he undertakes the business of his client. There is nothing in the record to show that the relationship of attorney and client had been established as to the particular transaction prior to the making of the oral contingent contract in this case (Ringen v. Ranes, 263 Ill 11, 16, 104 NE 1023).

In a recent Illinois Supreme Court case, Pocius v. Halvorsen, 30 Ill2d 73, 195 NE2d 137, the Supreme Court had before it a different proposition on facts but consistent on principle in which they held an attorney to his contingent contract even though there was no express agreement that he was to do certain work on appeal in such contingent contract.

We find nothing in the record to justify a departure from the contingent contract entered into as between the parties. There is no contention made that there was any fraud in connection with the representation of the administrator individually or in his capacity as adminstrator. The contract was clear and reasonable by its terms and freely entered into between the client and the attorney after due deliberation. Contracts of this type have been consistently approved both in this State and in other states because of the social value thereof in permitting poor individuals to have access to competent counsel in handling of tort cases.

We must, therefore, conclude that the order of the Circuit Court of Hancock County in allowing attorney Franklin M. Hartzell $15,000 for his attorney's fees was improper and this court finds that the contingent fee contract was binding and not unreasonable or unfair. The attorney's fees should have been fixed at $18,750 in accordance with the contingent fee contract. The order of the Circuit Court of Hancock County is, therefore, reversed and this cause is remanded to the Circuit Court of Hancock County with directions to the court to enter judgment on Attorney Hartzell's petition in the sum of $18,750 together with interest thereon and costs.

Reversed and remanded.

STOUDER and SCHEINEMAN, JJ., concur.