Manuel S. Hoffman, as Custodian, etc., Plaintiff-Appellant, v. Central National Bank in Chicago, etc., et al., Defendants-Appellees.

Gen. No. 54,126.

First District, First Division.

October 13, 1970.

John D. Vosnos and James B. Martin, of Chicago, for appellant.

Winston, Strawn, Smith & Patterson, of Chicago (Calvin Sawyier and Bruce L. Bower, of counsel), and James H. Torshen, Ltd., of Chicago (James H. Torshen, of counsel), for appellees.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

The sole issue presented for review in this appeal is whether a Chancellor has the inherent equity power for the protection of a minor to require the posting of a bond for costs and damages in an amount fixed by the Court in the exercise of its discretion as a condition for allowing a minor's representative to maintain an action of the type involved herein.

Manuel S. Hoffman, who under the Illinois Uniform Gift to Minors Act (Ill Rev Stats 1963, c 3, § 531 et seq.) is the custodian of stock in the Bank of Niles, owned by Steven David Hoffman, a minor, brought this action in 1964 on his own behalf and on behalf of all minority stockholders similarly situated against the Central National Bank in Chicago, the Bank of Niles, individual directors of the Bank of Niles, and the Selin Corporation, a corporate holder of stock in the Bank of Niles.

It appears from the complaint that the Bank of Niles has issued ten thousand shares of $25 par value stock and that Steven David Hoffman is an original holder of ten shares. The Complaint alleges that Central National

made loans to one Herman Greisdorf which enabled him to acquire the controlling interest in the Bank of Niles and the real estate upon which the banking quarters are located; that there was an improper course of conduct between Central National and Greisdorf, who was not named as a defendant; that Bank of Niles deposited substantial sums in Central National without receiving interest; that Greisdorf permitted substantial, improper loans to be made; that the directors of the Bank of Niles breached fiduciary and other obligations by permitting themselves to be dominated and controlled by Greisdorf; that the directors of the Bank of Niles rubber stamped Greisdorf's acts because they and Greisdorf were involved in many deals and transactions outside the operation of the Bank; that Central National conspired with H. M. Cavanaugh, acting through the Selin Corporation, to take control of the Bank of Niles; that Central National called its loans to Greisdorf and reduced its collateral to ownership; that Central National granted preferential treatment to Cavanaugh, who was a substantial shareholder of Central National, to enable him to obtain control of the Bank of Niles; and that Cavanaugh and the directors of the Bank of Niles held a fiduciary relationship to the Bank and all its minority shareholders which was breached. Most of the allegations in the Complaint are on "information and belief."

The Complaint seeks an injunction, the declaration of a constructive or resulting trust, the setting aside of an approved bank reorganization, punitive damages in the amount of $1,000,000, the removal of officers and directors, and other appropriate relief.

Selin, the Bank of Niles, and the other defendants moved to strike and dismiss the Complaint on the ground that Manuel S. Hoffman was without authority to institute the action as custodian because section 4 of the Illinois Uniform Gift to Minors Act (Ill Rev Stats 1963, c 3, § 534), which sets forth the duties and powers of a custodian, does not authorize a custodian to institute judicial proceedings and on the ground that the plaintiff was seeking improper relief since under section 150 of the Illinois Banking Act (Ill Rev Stats 1965, c 16½, § 150) the Director of Financial Institutions through the At-

torney General is the only person authorized to file a Complaint seeking to have a bank placed under court supervision.

Central National answered the Complaint, alleging inter alia that the plaintiff has made scandalous allegations which are utterly untrue and without foundation in fact or reasonable belief; that it will incur substantial costs, expenses and attorney's fees which should be paid by the plaintiff; that the plaintiff should be required to post a bond in an amount sufficient to pay the same; and that exemplary or punitive damages should be assessed against the plaintiff.

The record reveals that the plaintiff moved to amend the Complaint on March 2, 1965, to include as a plaintiff, Steven David Hoffman, a minor, acting through his natural guardian and next friend, Manuel S. Hoffman. On the same day, the plaintiff moved for an order directing the Bank of Niles to produce its corporate minute book, certain disbursement records, payroll records, certain loan files, leases for the building occupied by the bank, audit reports, etc. The defendants opposed both of the plaintiff's motions and moved to stay all discovery. Numerous grounds were advanced in support of the defendants' objections and motion. First, they argued that for the protection of the minor, the plaintiff, as next friend of the minor, should be required to post a bond for costs in accordance with section 141 of the Probate Act (Ill Rev Stats 1965, c 3, § 141) which prescribes the manner in which a minor may appear in a judicial proceeding. Second, they asserted that the court should stay all proceedings until it has ruled on the motions to dismiss and determined the sufficiency of the Complaint. Third, they alleged that the "so-called representative action on behalf of a minor against two banks and certain individuals is a spurious suit, brought to embarrass the involved Banks and to prevent a proper reorganization of the Bank of Niles and to embarrass those individuals who have sought to extricate the Bank from its difficulties." Fourth, they alleged that the plaintiff was not bringing a true representative action and noted that no other stockholder of the Bank of Niles had joined the suit. Finally, they asserted that the production of the

documents requested in the plaintiff's motion to produce documents would be unreasonable, oppressive, and burdensome because the plaintiff seeks the production of over 50,000 documents which are contained in over 750 files and because the production of the documents would disrupt the operation of the bank and would result in great expense to it.

On March 25, 1965, the Court ordered (1) that the plaintiff be granted leave to amend the Complaint to include as a plaintiff, Steven David Hoffman, by his natural guardian and next friend, Manuel S. Hoffman; (2) that Manuel S. Hoffman, as next friend, post a bond for costs in the amount of $100,000 pursuant to section 141 of the Probate Act; and (3) that all discovery be stayed until the posting and approval of the bond.

On April 15, 1965, Manuel S. Hoffman opened an estate in the Probate division for the minor and obtained permission from that court to represent the minor in this litigation as the minor's duly appointed guardian. On April 21, 1965, Manuel S. Hoffman moved before the Chancellor for permission to appear and represent Steven David Hoffman as guardian of the estate and person of the minor and moved further that the order requiring the posting of a bond for costs be vacated, because, he contended, the guardian by reason of the issuance of the letters of guardianship was entitled as a matter of right to represent the minor without the filing of a bond for costs.

On October 29, 1965, the defendants obtained an order in the Probate division which provided that its previous order which authorized Manuel S. Hoffman to represent the interest of his ward, was without prejudice to the right of the Chancellor to set bond for the guardian. On May 10, 1966, the Court ordered that Manuel S. Hoffman, as guardian of the Estate and person of Steven David Hoffman, be substituted as plaintiff in lieu of Manuel S. Hoffman as natural guardian and next friend of Steven David Hoffman and further ordered that Manuel S. Hoffman, as guardian, post a bond in the amount of $100,000. The plaintiff then filed a motion in the Supreme Court for leave to file a petition in original man-

damus to compel the Circuit Court to vacate its order setting the bond for costs. The motion was denied. On December 6, 1968, the plaintiff, as guardian, again moved before the Chancellor to vacate the order requiring bond. On affidavit, plaintiff's guardian stated that the estate of the minor was insufficient to permit such a bond to be posted. The motion was denied and the action was dismissed on April 9, 1969. This appeal followed.

 The Court is under a duty to protect the interests of a minor when the interests of the minor are or may be affected in a judicial proceeding, and the Court has broad equitable powers to ensure that the minor's interests are protected. Tymony v. Tymony, 331 Ill 420, 163 NE 393; Gibbs v. Andrews, 299 Ill 510, 132 NE 544.

The power to protect the interests of a minor is explicitly preserved in Illinois by statute. Section 141 of the Probate Act provides:

> The guardian of the estate of a minor shall appear for and represent his ward in all legal proceedings unless another person is appointed for that purpose as guardian or next friend. This does not impair the power of any court to appoint a guardian to defend the interests of the minor in that court, or to appoint or allow any person as the next friend of a minor to commence, prosecute or defend any suit in his behalf. Any suit or proceeding may be commenced and prosecuted by his next friend, without any previous authority or appointment by the court if the next friend enters bond for costs and files it in the court where the suit or proceeding is pending. (Ill Rev Stats 1965, c 3, § 141.)

The Circuit Court invoked section 141 of the Probate Act to protect the interest of the minor when on March 25, 1965, it simultaneously ordered that leave be granted to amend the Complaint to include as a plaintiff Steven David Hoffman by his natural guardian and next friend, Manuel S. Hoffman, and ordered that Manuel S. Hoffman, as next friend, post a bond for costs in the amount of $100,000.

The plaintiff vigorously argues that a guardian of the estate of a minor may not be required to give security for possible costs. It is his contention that costs, damages, attorney's fees, and expenses were not taxable at common law and that a court has no power to tax costs, damages, attorney's fees, and expenses or to require the posting of security for possible costs, damages, attorney's fees and expenses in the absence of an enabling statute.

■■ We hold that plaintiff's belated appointment as guardian of the estate and person of Steven David Hoffman cannot relieve him of the obligation to post a bond for costs. In the event of an unsuccessful suit, a ward, like any unsuccessful litigant, faces liability for costs. Ill Rev Stats 1969, c 33, § 8. The statute makes no exceptions in favor of minors as unsuccessful plaintiffs in the matter of cost.

The allegations of the complaint demonstrate that the minor has a relatively small interest in the Bank of Niles; the minor owns only ten out of the approximately 10,000 shares of stock in the Bank issued and outstanding. The suit was brought as a class action, but we note that while the matter was pending in the Circuit Court for approximately five years, no other stockholder of the Bank has joined the plaintiff in this action.

The Complaint, on its face, demonstrates that this lawsuit will be long and expensive. The Complaint raises a multiplicity of issues, causes of action and theories of action, and the plaintiff has requested a vast amount of discovery. We have carefully examined the allegations of the Complaint, and we believe it is of the character that may cause the minor to incur costs under section 41 of the Civil Practice Act, which provides:

> Allegations and denials, made without reasonable cause and not in good faith, and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with the reasonable attorney's fees, to be summarily taxed by the court at the trial. (Ill Rev Stats 1969, c 110, § 41.)

Moreover, the right to bring this action is based on the minor's ownership of the Bank stock. These shares are custodial property held by Manuel S. Hoffman on behalf of Steven David Hoffman pursuant to the Illinois Uniform Gift to Minors Act. These shares are specifically exempted from the guardianship by both the provisions of that Act and of the Probate Act.

The Illinois Uniform Gift to Minors Act provides:

> A gift made in a manner prescribed in this Act is irrevocable and conveys to the minor indefeasibly legal title to the security or money . . . but no guardian of the minor has any right, power, duty or authority with respect to the custodial property except as provided in this Act. (Ill Rev Stats 1963, c 3, § 533(a).)

Similarly "custodial property" of a minor is specifically excluded by the Probate Act from the control of the guardian by the Probate Court. Section 2 of the Probate Act as amended in 1961, provides:

"§ 2. Definitions.

"When used in this Act, unless the context requires otherwise:

> "(i) words referring to the property or estate of a person under the age of 21 shall be construed to exclude 'custodial property' as the same is defined in the Illinois Uniform Gifts to Minors Act." (Ill Rev Stats 1963, c 3, § 2.)

With regard to the powers of a custodian under the Illinois Uniform Gift to Minors Act as distinguished from the powers of a guardian, James Illinois Probate Law and Practice, comments as follows in sections 370.2 and 372:

> The Custodian is not a "guardian" although the fact that he deals with the property of a minor suggests this. Unlike a guardian who is subject to the supervision of the Probate Court, a custodian is not subject to the supervision of any court and his powers and authorities are much broader than those of a guardian (§ 370.2).

"It will be noted that the guardian of the minor is excluded from any right, power, duty or authority with respect to custodial property." (§ 372.) We note, too, that the Probate Court entered a subsequent order which recites that the appointment of Manuel S. Hoffman as guardian was entered without prejudice to the right of the Chancellor to set a bond for the guardian.

Plaintiff principally relies on Patterson v. Northern Trust Co., 286 Ill 564, 122 NE 55. In that case Patterson was the owner of a life estate in a one-twelfth interest in a loop property improved with a twelve-story building. There the Complaint was dismissed on the ground that the suit was frivolous, vexatious and in violation of an injunction. The dismissal of the Complaint was affirmed. The trial court, however, denied the trustees' motions to fix and allow solicitor fees and to tax the same as costs. This order was also affirmed. The Supreme Court held that if solicitor fees should be included in the costs in any class of cases, the representation to that effect should be made to the General Assembly and not to the court.

The Patterson case is clearly distinguishable from the case at bar on the facts involved. The issue presented in Patterson was the power of the court to tax attorney's fees as costs whereas here the issue is the power of the court to require a security bond for costs which would be taxable in accordance with statute.

The plaintiff is not contesting the reasonableness of the Circuit Court's exercise of discretion in setting the bond for costs at $100,000. Plaintiff's attorney, in response to a question in oral argument, stated that the plaintiff was unable to post a bond in any amount and that he was contesting only the right of the Circuit Court to order the plaintiff to post any bond for possible costs.

■ ■ It was apparent to the trial court, as well as it is to us, that ordinary costs alone can amount to many thousands of dollars in the case at bar should it proceed to trial. The infusion of allegations which may prove to be untrue "made without reasonable cause and not in good faith" can multiply taxable costs pursuant to section 41 of the Civil Practice Act. In view of such reason-

ably foreseeable costs, we cannot say that the Chancellor abused his discretion in ordering the plaintiff to post a bond and when the plaintiff failed to post the bond, in dismissing the Complaint.

The judgment of the Circuit Court is therefore affirmed.

Judgment affirmed.

MURPHY and ADESKO, JJ., concur.