LEONARD C. ARNOLD, LTD., *et al.,* Appellants, v. THE NORTHERN TRUST COMPANY OF CHICAGO, Guardian of the Estate of Jason James Goodman, a Minor, Appellee.

Second District No. 84—0874

Opinion filed December 20, 1985.

James H. Canel, Leonard C. Arnold, and James Franz, *pro se*, and Patricia N. Hale, all of Chicago, for appellants.

Theodore A. Pasquesi and Thomas A. Cengel, both of Behanna & Pasquesi, of Highland Park, for appellee.

PRESIDING JUSTICE NASH delivered the opinion of the court:

Attorneys James H. Canel, Leonard C. Arnold and James Franz (the attorneys) appeal from that portion of an order of the circuit court which denied, in part, their claim for attorney fees against the estate of Jason Goodman, a minor.

The facts are not in dispute. On November 9, 1981, the minor child's parents, Glenda Sue Goodman, as mother and next friend, and James M. Goodman, signed a written contingency fee agreement under which they retained the firm of Leonard C. Arnold, Ltd., and James H. Canel, Ltd., to represent them as attorneys in the prosecution of claims for injuries sustained at birth by their son, Jason. The injuries were said to have occurred in January 1977, and the claims were against certain nurses, a doctor and a hospital. The agreement provided that Mr. and Mrs. Goodman would pay one-third of all sums recovered to attorneys Canel and Arnold and also the costs incurred in prosecution of the lawsuit. If there was no recovery, the agreement provided there would be no obligation to pay any fees. In addition, the agreement noted that attorney James Franz had referred the case and any fees would be divided on a 60-40 basis with him for his assistance with it.

The attorneys thereafter filed a complaint in the circuit court on November 17, 1981, in which Glenda Sue Goodman, as mother and next friend of the minor child, and Mr. and Mrs. Goodman, in their own right, sought recovery of damages against certain defendants. In August 1984, plaintiffs and defendants in that action reached a settlement of the claims in the total sum of $900,000, $75,000 of which was for damages sustained by the parents and $825,000 for the minor's injuries.

The attorneys filed a petition to settle on behalf of plaintiffs in that action in which the trial court was requested to approve the terms of the proposed settlement with defendants. In the petition, the attorneys also stated they were entitled to fees of $275,000 against the recovery made on behalf of the minor, in accordance with the

terms of the retainer agreement made with the child's parents, and also further sums for reimbursement of expenses incurred in prosecution of the case, all of which they alleged to be fair and reasonable for the services rendered.

The Northern Trust Company was appointed as guardian of the estate of the minor child and letters of guardianship issued to it. (Ill. Rev. Stat. 1983, ch. 110½, pars. 11—1 through 11—18.) Leo J. Sullivan III, who had earlier been appointed by the court as guardian *ad litem* of the minor, objected to the approval of the fees requested on the grounds that the attorneys had failed to comply with Local Rule 9.20(e) of the circuit court of the Nineteenth Judicial Circuit. That rule essentially provides that fees incurred in settlement of actions based upon personal injuries to a minor shall not exceed 25% of the amount collected, unless the court finds that percentage fee inadequate compensation for the work performed.

The attorneys declined to present a petition under Local Rule 9.20(e) itemizing the work and hours involved, as therein required, and the trial court then refused to approve the 33⅓% fee requested from the estate of the minor. As to the recovery of $75,000 made by the attorneys for the minor's parents, the trial court did approve the fees sought in the sum of $25,000, calculated at the 33⅓% rate. As to the settlement made for the minor of $825,000, the court approved and awarded fees of $206,250 to the attorneys, calculated at 25% of the gross recovery, but denied recovery of $275,000 for fees calculated at the 33⅓% rate urged by the attorneys. The trial court also approved reimbursement to the attorneys of $3,429.98 for expenses incurred.

In its order, the trial court noted that Local Rule 9.20(e) permits an attorney to petition for more than a 25% contingency fee where extraordinary services or circumstances may warrant, but that no such petition had been presented by the attorneys. The court also found that the contingent fee contract was entered into by the minor's parents without appointment of a guardian for the minor or court approval and that in this case "it is agreed that a contingency fee of Twenty-Five (25%) Percent was far higher than any fee fixed on a reasonable hourly basis." The attorneys appeal.

The attorneys contend that Local Rule 9.20(e) of the Nineteenth Judicial Circuit is void as it contravenes Supreme Court Rule 21(a), which provides that "a majority of the circuit judges in each circuit may adopt rules governing civil and criminal cases which are consistent with these rules [Supreme Court Rules] and the statutes of the State ***." (87 Ill. 2d R. 21(a).) They argue that Local Rule 9.20(e)

modifies or abrogates the rights and liabilities of the parties to the contingent fee contract in this case and is contrary to the statutory and case law of Illinois. The Northern Trust Company, as guardian of the estate of the minor child, responds that the circuit court has both statutory power and the duty to determine fees to be awarded to attorneys representing the estate of a minor which cannot be diminished by private agreement between the minor's parents and their attorney.

Local Rule 9.20(e) provides:

"(e) In all cases of settlements of causes of action based upon personal injuries to a minor or an incompetent, an allowance for fees shall not exceed 25% of the amount collected unless, upon sworn petition filed by the attorney or attorneys itemizing the work and hours involved, it shall appear to the Court that said percentage fee shall not fairly compensate the attorney or attorneys for the work performed. In this event, the Court shall fix the fee at whatever amount it considers to be fair and reasonable without regard to the aforesaid 25% limitation."

The attorneys argue that the local rule is inconsistent with and modifies Rule 2—106(c) of the Code of Professional Responsibility, adopted by our supreme court, which governs contingent fee agreements. They point out such fee arrangements are prohibited by Rule 2—106(c)(4) in criminal and specified matrimonial matters, but the Code does not provide that contingent fee arrangements are prohibited when made on behalf of a minor and does not provide for any closer scrutiny or special evaluation of a minor's contingent fee agreement. The attorneys do agree, however, that the reasonableness of a contingent fee is to be measured by the same standards under which any legal fee is evaluated (the Code of Professional Responsibility (87 Ill. 2d R. 2—106(b))). They argue that as Local Rule 9.20(e) limits a contingent fee which may be awarded in the case of a minor to 25% of recovery, and requires a *quantum meruit* method of acquiring a greater fee, it ignores the contract for fees between the parties without finding it is unreasonable or excessive. As such, the attorneys contend, the local rule is inconsistent with the directives of the supreme court rule on contingent fees and conflicts with the common law of contracts. In support of their arguments, the attorneys cite *People v. Schroeder* (1981), 102 Ill. App. 3d 133, 429 N.E.2d 573, *People v. Adams* (1983), 116 Ill. App. 3d 315, 451 N.E.2d 1351, *Kinsley v. Kinsley* (1944), 388 Ill. 194, 57 N.E.2d 449, *People ex rel. Carey v. Power* (1975), 59 Ill. 2d 569, 322 N.E.2d 476, *In re Estate of Harnetiaux* (1968), 91 Ill. App. 2d 222, 234 N.E.2d 81, and *Warner v.*

*Basten* (1969), 118 Ill. App. 2d 419, 255 N.E.2d 72.

The first four cases cited by the attorneys do correctly hold, in other contexts, that local circuit court rules must be consistent with the rules of the supreme court and State statutes and may not modify existing law. (See, *e.g., People v. Schroeder* (1981), 102 Ill. App. 3d 133, 137, 429 N.E.2d 573.) There is no dispute between the parties as to that general proposition of law. In *In re Estate of Harnetiaux* (1968), 91 Ill. App. 2d 222, 228, 234 N.E.2d 81, the trial court approved fees sought by an attorney against the administrator of an estate in an amount less than the 25% of recovery provided for in their contingent fee agreement for representation in a wrongful death action. The reviewing court reversed, noting the contingent fee contract was reasonable and supported by the record. It also spoke to the social value of contracts of that type, which permit poor persons to have access to competent counsel in tort cases. In that case, the attorney had petitioned the trial court for allowance of fees and presented evidence of his actions on behalf of the administrator. In *Warner v. Basten* (1969), 118 Ill. App. 2d 419, 255 N.E.2d 72, petitioner sought to enforce an attorney's lien (Ill. Rev. Stat. 1967, ch. 13, par. 14) against a settlement made on behalf of a minor premised upon a 25% contingency fee contract made with the child's parent. In considering whether a valid contract existed, this court noted that "[a] contingent fee contract for the recovery of an award for personal injuries to a minor, entered into on behalf of the minor by his parents or next friend, has long been recognized as enforceable *unless it appears from the proof that it was an unreasonable amount.*" (Emphasis added.) (118 Ill. App. 2d 419, 431-32, 255 N.E.2d 72.) In *Basten,* the trial court considered offered evidence of the legal services rendered by petitioner and the contract between parent and attorney, concluding the sum sought as fees was fair and reasonable; this court affirmed that judgment.

In their arguments on appeal, the attorneys have not considered the applicable provisions of the Probate Act of 1975 (Ill. Rev. Stat. 1983, ch. 110½, par. 1—1 *et seq.*). Sections 1—2.17 and 11—13 of the Probate Act of 1975 provide that the court shall have control over the person or estate of a ward, including a minor. It exercises ultimate authority over the management of a minor's estate by a guardian, and "the court may approve the making on behalf of the ward of such agreements as the court determined to be for the ward's best interest." (Ill. Rev. Stat. 1983, ch. 110½, par. 11—13(b).) The Probate Act of 1975 also provides for the presentation of claims to the court, including those based upon contract, against the estate of a

minor. (Ill. Rev. Stat. 1983, ch. 110½, pars. 18—1, 18—5, 18—6, 18—7; see *In re Estate of Brandt* (1969), 109 Ill. App. 2d 172, 249 N.E.2d 876.) A next friend who initiates suit on behalf of a minor can employ an attorney to represent the minor's claim and agree to pay a reasonable fee out of any recovery. (*Goldberg v. Perlmutter* (1941), 308 Ill. App. 84, 87, 31 N.E.2d 333; *Haj v. American Bottle Co.* (1913), 182 Ill. App. 636, 639, *rev'd on other grounds* (1913), 261 Ill. 362, 103 N.E. 1000.) However, the allowance of a claim for attorney fees against a minor's estate is within the discretion of the court. (See *In re Estate of Brandt* (1969), 109 Ill. App. 2d 172, 249 N.E.2d 876.) A minor is a ward of the court when he is involved in litigation, and the court has a duty and a broad discretion to protect the minor's interests. (*Tymony v. Tymony* (1928), 331 Ill. 420, 426-27, 163 N.E.2d 393; *Hoffman v. Central National Bank* (1970), 130 Ill. App. 2d 246, 251, 264 N.E.2d 711, *appeal denied* (1971), 45 Ill. 2d 589.) The court is required to approve a settlement of a minor's suit, as neither a next friend who initiates the suit on behalf of a minor nor a court-appointed guardian has sole authority to compromise a minor's claim. *Paskewie v. East St. Louis & Suburban Ry. Co.* (1917), 281 Ill. 385, 388-89, 117 N.E. 1035; *Mastroianni v. Curtis* (1979), 78 Ill. App. 3d 97, 100, 397 N.E.2d 56.

We consider misplaced the attorneys' reliance upon, as dispositive, this court's decision in *Haj v. American Bottle Co.* (1913), 182 Ill. App. 636, *rev'd on other grounds* (1913), 261 Ill. 362, 103 N.E. 1000. In that case an attorney who had represented a minor pursuant to a 33⅓% contingency fee contract sought to enforce an attorney's lien against the defendant-tortfeasor who had agreed to a settlement of the minor's claim. The defendant challenged the lien as improperly perfected and as based upon a void contract; no claim was made, however, by the minor or his representative that the fee sought was unreasonable. In upholding the lien, this court found that the contract made by a next friend to pay a reasonable fee was valid. As neither reasonableness of the fee nor a local rule as in the present case were at issue in that case, it does not support the attorneys' argument.

■ It is apparent in this case, as in similar cases, that parties wishing to settle claims made against them by a minor or his representative will not do so absent court approval, as a minor, generally, cannot be bound by a contract. The provisions of the Probate Act of 1975 to which we earlier referred act both to protect the best interests of the minor and also to protect those who wish to compromise and pay a claim by a minor. Local Rule 9.20(e) is designed to facilitate these purposes, in part, as it alerts those who have a claim against

the estate of a minor for fees relating to the settlement of the minor's case that fees in excess of 25% of the settlement must be shown to be fair and reasonable. The rule does not limit such fees to 25% of a recovery, nor does it provide that a fee less than 25% will be automatically approved by the court without consideration of whether it is reasonable or excessive for the services rendered.

No basis has been shown in this case to invalidate the local rule as conflicting with any statute or supreme court rule. It is designed to assist the court in carrying out its duty to the estate of a ward under the Probate Act of 1975 by requiring proof that fees sought are fair and reasonable if claimed in excess of 25% of the recovery. It is, of course, also the duty of the court to determine whether fees claimed in sums less than 25% of a recovery are reasonable. Nor have the attorneys shown that Local Rule 9.20(e) conflicts with Rule 2–106(c) of the Code of Professional Responsibility (87 Ill. 2d R. 2–106(c)), which has been adopted by our supreme court. While that rule does regulate contingent fee agreements entered between lawyers and their clients, nothing contained therein would act to invalidate Local Rule 9.20(e).

■ We conclude that the local rule in issue is neither in conflict nor inconsistent with supreme court rules or statute and that it is consistent with the circuit court's role in protecting the estate of minors. (See *Brandon v. DeBusk* (1980), 85 Ill. App. 3d 645, 648, 407 N.E.2d 193.) As such, the rule cannot be considered in these circumstances to have unlawfully interfered with the contingent fee contract between the attorneys and the minor's parents.

■ Both the attorneys and Northern Trust Company, as guardian of the minor's estate, have noted that the trial court in approving a 25% fee award to the attorneys did not consider whether that was a reasonable fee. The attorneys offered no evidence to that end, relying, instead, upon their agreement with the minor's parents. Northern Trust states it was appointed as guardian of the minor's estate at a time after the relevant proceedings occurred upon which the fees were based and from examination of the record is unable to determine whether the 25% sum allowed is reasonable in this case. Northern Trust suggests it is the obligation of the court to protect the interests of a minor, which obligation extends to the court on review, thus permitting that question to be now raised.

From our examination of the record of the proceedings at which attorney fees were fixed and of the order entered doing so, it appears that the trial court did allow fees at the rate of 25% of recovery without consideration of whether that was a reasonable fee for the ser-

vices rendered. Apparently, the trial court considered by virtue of Local Rule 9.20(e), only fees claimed in excess of 25% of recovery must be examined under the standards set forth in Rule 2—106 of the Code of Professional Responsibility (87 Ill. 2d R. 2—106). We do not agree, and conclude that the question of the reasonableness of the fees earned in this matter by the attorneys must be considered by the trial court after remand.

■ A motion by Northern Trust Company to supplement the record on appeal, and objections thereto by the attorneys, was taken with the case and is now denied. The additional record relates to matters which occurred in the trial court after entry of the order from which this appeal was taken and also after notice of appeal had been filed in this court, and will not be considered.

Accordingly, the judgment of the trial court will be affirmed insofar as it denied approval of fees claimed by the attorneys without compliance with the requirements of Local Rule 9.20(e) and the judgment allowing fees at the rate of 25% of recovery will be reversed and the cause remanded for determination of fees to be awarded the attorneys under the standards applicable thereto.

Affirmed in part; reversed in part and remanded.

HOPF and REINHARD, JJ., concur.