MARCEL, Judge.
Mrs. Venita Jacob Cambre, tutrix of the minor, Renette Maria Cambre, appeals a portion of the judgment of the lower court in the partition suit between Garden Hill Land Corporation v. Succession of Edwin Cambre. Specifically, she appeals that portion of the judgment in favor of the in-tervenor, Kenneth J. Ward, granting him 50% of the proceeds from the sale of the minor’s property.
The tutrix approached Mr. Ward in early 1971, attempting to secure his services as an attorney. The two parties entered into a contingency fee contract which read in part as follows:
“MRS. VENITA CAMBRE hereby employs KENNETH V. WARD as her attorney to compromise, or otherwise collect by suit, all claims of the minor, RE-NETTA MARIA CAMBRE, in the succession of her grandfather, Succession of Edward Cambre, Sr. Probate Docket No. 638, Twenty-Ninth Judicial District Court, Parish of St. John, Louisiana.
*405 “The said KENNETH V. WARD accepts said employment, and in consideration of his services rendered and to be rendered MRS. VENITA CAMBRE, as tutrix of the minor, RENETTE MARIA CAMBRE, hereby agrees to pay him fifty (50) per cent of the amount received by the minor, RENETTE MARIA CAMBRE, in the above succession proceedings whether the minor’s claim is compromised or settled by legal proceedings.”
At the time of the signing, Mr. Ward had already begun settlement efforts with the other attorneys involved. Mr. Ward then proceeded to a final compromise settlement of the claim and interest of the minor to the immovable property in the succession of Edwin Cambre. The tutrix later approached Mr. Ward in an unsuccessful attempt to get him to lower his fee; when she refused to pay the 50% attorney’s fee, Mr. Ward intervened in the suit to partition the immovable property. The trial judge found that a contract did exist between the tutrix and Mr. Ward, and that Mr. Ward’s claim for 50% of the minor’s share of the proceeds of the sale of the immovable property was valid. The tutrix appeals, claiming that the petition for court approval of the contract required by C.C.P. art. 4271 was not filed until two months after the contract was in fact entered into, and therefore she was without authority to enter into the contract and it is void.
The following dates are pertinent:
March 10, 1971 Letter by Mr. Ward indicating that settlement of the minor’s claim was close at hand.
March 10, 1971 Employment contract for 50% attorney’s fees entered into.
May 17, 1971 Petition for court approval to contract for legal services, fees for which were not to exceed 50%.
May 19, 1971 Petition for approval signed by Judge Bradley.
September 26, 1972 Mr. Ward intervened in the partition suit between Garden Hill Land Corp. and Succession of Edwin Cambre.
This court must determine whether the employment contract was valid or not; if not valid, we must determine whether Mr. Ward had any claim on the immovable property of the minor.
I
The tutrix first contends that the employment contract was void because she had no authority to bind the estate of the minor. The contract was made on March 10, 1971 and 2 months later the petition for authority required by LSA-C.C.P. art. 4271 was filed (May 17, 1971). The petition made no mention of the existing contract or of ratification. This court feels that, given the mandatory nature of the language of Art. 4271, a contract made by the tutrix on behalf of the minor before court approval of the petition for authority to enter into that contract is not binding on the estate of the minor. Mr. Ward contends, however, that the authority to enter into the contract was granted by an order of the court in the tutorship proceedings one and one-half years earlier. That order empowered the tutrix to secure the services of an attorney to protect the minor’s interest. The evidence reveals that since the opening of the tutorship proceedings the tutrix has hired and fired no less than four attorneys and, according to Mr. Ward’s testimony, has paid none of them. *406 We do not feel that the original order of the court empowered the tutrix to hire and fire her way through the local members of the bar, making and breaking contracts of employment at will. Therefore, since the petition for authority to employ Kenneth Ward was filed 2 months after the signing of this contract, and since the petition made no mention of any contract then in existence, yet did specifically mention Mr. Ward by name, we must conclude that the tutrix was without authority to enter into a 50% attorney’s fee contract prior to the signing of the court order. The pertinent part of that order, dated 2 months after the contract, reads as follows:
“IT IS ORDERED that Mrs. Venita Jacob Cambre, natural tutrix of the minor, Renette Maria Cambre, be and she is hereby authorized and directed to employ Kenneth V. Ward as counsel for the minor and to enter into a contract with counsel providing for the payment of a reasonable fee on a contingency fee basis not exceeding a one-half interest of the minor’s interest . . . ” (Emphasis added.)
The language of the court authorization clearly indicates that at the time the contract was entered into, Mrs. Cambre was without authority to bind the estate of the minor. Mr. Ward argues that the petition for authority ratified the contract then in existence. This court disagrees. First, the actual contract entered into between the parties was not presented to the judge who signed the authorization and the authorization did not provide for the ratification or confirming of the tutrix’s prior actions. Secondly, the jealous care and protection which the state affords to the interest of minors would prohibit this court from opening the door to a practice such as occurred in this very case — that is, a contract was made, then a petition for authority with no mention of ratification was signed by Judge “A” without his ever seeing the contract; the contract was then brought into other procedures entertained by Judge “B” who had to assume that Judge “A” had seen and approved the contract and therefore had to enforce it, when in reality Judge “A” might never have approved it had he actually seen it. We therefore conclude that the contract was invalid when it was made and was not ratified by the petition for authority. The only way the tu-trix could bind the minor’s estate was by strict compliance with the law in securing from the court proper authorization; she did not receive authorization to ratify and confirm her previous act, nor did she carry out the order given her to enter into a contract to employ an attorney. White v. Hodges, 201 La. 1, 9 So.2d 433 (1942.) Since the contract could not bind the minor’s property, Mr. Ward’s intervention into the partitioning proceedings was without legal basis; thus, the judgment of the lower court granting Mr. Ward an interest in either the property or the proceeds of the sale of the property is erroneous.
II
The tutrix further contends that Mr. Ward is entitled to no attorney’s fee whatsoever in the event the contract be found invalid, since he did not plead quantum meruit. We disagree on the basis that the fact of or value of his services was not at issue in the intervention into the partition suit. The sole question to be determined there was the validity of his claim on a part of the property to be partitioned, and that question hinged upon the validity of his contract. The value of his services is a question to be handled by the court which entertained the tutorship proceedings, not the court handling the partition proceedings, because his claim, if any existed, had not been reduced to judgment.
*407 There has been no showing in either proceeding that the minor is entitled to be unjustly enriched by receiving the services of Mr. Ward free of charge, especially since it is the tutrix herself who accepted these services for the minor and who now urges the invalidity of the contract. This court recognizes that Mr. Ward is entitled to be compensated for his services (see Succession of Hanna, 135 La. 1043, 66 So. 355 [1914]), yet the tutorship proceedings are not the subject of this appeal. We therefore preserve the right of Mr. Ward to return to the court entertaining the tutorship proceedings in order that he be awarded reasonable compensation for his services to the minor.
Finally, while this appeal was pending, Mr. Ward was awarded, by order of the 29th Judicial District Court, a portion of the proceeds of the sale of the minor’s property. Since we have found that he has no claim on the minor’s estate arising from the contract, since we have also found that Mr. Ward does have a right to an attorney’s fee, and since we note that the tutrix has not yet paid any of the attorneys she hired and fired, we hold that he need not return the $6,022.05 until his fee is in fact set, provided he exercises his right within a reasonable period of time. The $6,022.05 may be used as a credit if the set fee is more, or may be returned in part if the fee is less.
Accordingly, the judgment of the lower court is reversed; we preserve the right of Mr. Ward to return to the court which entertained the tutorship proceedings in order that an award of reasonable attorney’s fees be set. No compensation is to be awarded for Mr. Ward’s services or time in attempting to enforce the invalid contract or secure his own fee. Costs of this appeal are to be borne by Mr. Ward.
Reversed.