372 So.2d 1188 (1979)
SOUTHERN SHIPBUILDING CORPORATION and Continental Insurance Company
v.
Jeri Lynn RICHARDSON, Individually and in her capacity as natural tutrix of her minor children, Shaine Marie Richardson and Brandi Lynn Richardson, Milton Brener, John Robbert and Garon, Brener & McNeely.
No. 63662.
Supreme Court of Louisiana.
June 25, 1979.
Rehearing Denied July 27, 1979.[*]
*1189 Barry R. Geraghty, New Orleans, for defendants-applicants Jeri Lynn Richardson, Ind. and in her capacity as Natural Tutrix of her minor children, Shaine Marie Richardson and Brandi Lynn Richardson.
Milton E. Brener, New Orleans, for defendants-respondents John Robbert, Milton Brener and Garon, Brener & McNeely.
CALOGERO, Justice.
Mrs. Jeri Lynn Richardson individually and on behalf of her minor children Shaine Marie Richardson and Brandi Lynn Richardson had a claim against Southern Shipbuilding Corporation and its insurer arising out of the wrongful death of her husband Brand Richardson. Mrs. Richardson hired John Robbert, and his law firm, Garon, Brener & McNeely to represent her and her two children in connection with the claims. In due course the claims were settled prior to trial, for $275,000 ($91,000 for Mrs. Richardson and $92,000 for each of the two children). The dispute in this litigation concerns the amount of attorneys' fees which is due.[1]
The attorneys rely upon a contract signed by Mrs. Richardson at the outset of the representation by which she agreed to a one-third contingency fee in connection with the claims.[2] The contract was executed without prior court authorization. In fact Mrs. Richardson did not qualify as tutrix until settlement was agreed upon, at which time the insurer required that she do so and that she secure court authorization to settle the minors' claims.
While Mrs. Richardson presents several contentions, including among others the fact that there was never a mutual understanding or meeting of minds between her and the attorneys concerning the fee,[3] her principal contention, and the one which chiefly attracted our attention in the writ application, is that the contract which she entered into on behalf of her children before she qualified as natural tutrix was not binding upon the children because it was executed prior to her qualifying as natural tutrix and without prior court authorization.
Mrs. Richardson relies upon the Fourth Circuit Court of Appeal decision in Garden Hill Land Corp. v. Succession of Cambre, et al., 299 So.2d 403 (La.App. 4th Cir. 1974) and certain language of this Court in its review in the same case, 306 So.2d 718 (La.1975). In Garden Hill, where a parent who had by then been appointed tutrix executed a fifty percent attorney's fee contract for representation of her child's interest in a succession, the Fourth Circuit held that the tutrix was without authority to enter into that contract prior to securing court authorization. Of course, that Court of Appeal holding was not the concluding decision in that case for we granted writs. And in a decision in which we reversed the Court of Appeal and remanded for a determination of the reasonableness of the fee, we found it unnecessary to resolve that *1190 legal question.[4] We did, however, state, in dicta, that "[s]urely a strong argument can be made for requiring such approval." We further stated that "[t]he courts are charged with protecting and safeguarding the interests of minors. A contract disposing of an entire 50% interest of a minor's sizeable estate, where there is no real risk of non-recovery (she was a forced heir) would seem on its fact to be unreasonable." It is this language from our opinion in Garden Hill upon which respondents principally rely.
Our decision in Garden Hill is not dispositive of the issue presented here. We did not hold in that case that the tutrix was without authority to enter into a contingency fee contract without prior court authorization, and/or without first having qualified as tutrix. We merely alluded in dicta to the "strong argument" for requiring court approval of a contract disposing of an entire fifty percent interest of a minor's succession claim where there was no real risk of non-recovery.
In any event we are here concerned with a one-third contingency fee contract in connection with a claim for damages for wrongful death. Contracts of this nature are not unreasonable but in fact more the accustomed contract for legal representation. Plaintiff at trial presented expert testimony indicating that the customary fee in actions for personal injuries and/or wrongful death in the metropolitan New Orleans area is one-third of the amount recovered. We find this testimony which is uncontroverted in the record consistent with our own experience. For cases in which the one-third contingency fee contract is discussed with approval see McCally v. Hartford & Indemnity Co., 247 F.Supp. 444 (D.C.1965); Lytle v. Liberty Mutual Insurance Co., 285 So.2d 293 (La.App. 3rd Cir. 1973).
Respondent relies upon Articles 4061[5] and 4171[6] of the Code of Civil Procedure as the basis for a contention that she had no authority to sign the contract because it was not preceded by her qualifying as tutrix.
The purpose of the requirement that a tutrix qualify (oath, inventory, legal mortgage, etc.) is to conserve a minor's estate which might otherwise be dissipated. That consideration is not prevalent where the estate consists of a mere claim for damages. Protection of the minor's estate in this situation can be accomplished by the tutrix's qualification prior to or coincident with petitioning the court to approve settlement of the minor's claims after a tentative settlement thereof has been agreed upon. As was stated in Cacibauda v. Gaiennie, 305 So.2d 572 (La.App. 4th Cir. 1975) "The spirit of this [Code Civ.Pro. art. 4061] and other laws governing the rights of minors have for their purpose the conservation of the minor's estate and the establishment of a form of security from which he can be reimbursed if his assets have been dissipated before he attains majority."
Furthermore even the parent who refuses to accept the tutorship of minor children is bound to fulfill the duties of the tutor until a tutor has been appointed. La.Civ.Code art. 253. One such duty would be the employment *1191 of counsel on reasonable terms and institution of timely suit for her children's damages for wrongful death.
As the Court of Appeal in this case stated Mrs. Richardson's obligation to conserve the minor's estate should surely prevail over the technical requirements of the Code of Civil Procedure. Caruthers v. U. S. Safety Deposit & Savings Bank, 8 Orl.App. 93 (1910). Denying her the right to legally bind the estate of the minor children prior to qualification as natural tutrix could well impair performance of her obligation to recover on the damage claims for her children. As the court in Cacibauda stated "[the] obligation to [pre]serve the assets of the minor's estate is due first as a mother and administratrix, and then as natural tutrix, should she choose to qualify." It was for this reason that in Cacibauda it was held that prescription had not run on a minor's claim instituted on behalf of the minor within one year of an accident by his mother who had not been qualified as tutrix.
At least as persuasive as the reasons set forth above, and relative more specifically to the necessity for prior court authorization, is the fact that this Court has, in an admittedly old case, ruled on the very legal issue. In Husk v. Blancand, 155 La. 816, 99 So. 610 (1924) where the mother of a minor child entered into a contingency fee contract (it was verbal) in connection with the wrongful death of her husband, this Court stated:
"It is urged that Mrs. Husk, though competent to make such a contract for herself individually, could not bind her minor son, and that the minor's interest in the fund retained by the defendant should be recovered. It is true as a general rule that a tutor cannot, without the advice of a family meeting [the counterpart to our present requirement of court approval], make a contract that would be binding on the minor for an amount that would be in excess of the minor's revenue, but that rule we think cannot be invoked in a case like the present one. The widow could not have recovered for the death of her husband without engaging the services of an attorney, and, in making a contract for herself individually, it became her duty at the same time to have her minor son represented. She unquestionably had the authority to employ counsel to represent her minor son, and having such authority, she was authorized to contract on behalf of her minor son for the fee to be paid contingent on recovery."
We find that neither qualification as tutrix nor prior court authorization is a legal prerequisite to plaintiff's entering a legally binding contingency fee/attorney contract for the recovery of tort damages due her minor children for the wrongful death of their father. The only impediment to the binding nature of a contract entered before qualification of the tutrix and/or court authorization would be in the event that the contract were to be unreasonable. And in our opinion a one-third contingency fee contract in connection with a claim for damages for wrongful death whether for an adult or for a minor is not unreasonable. We therefore hold that the contract here at issue is legally binding.

Decree
For the foregoing reasons the judgment of the Court of Appeal is affirmed.
AFFIRMED.
DENNIS, J., concurs.
NOTES
[*] DENNIS, J., would grant a rehearing.
[1] Not until the attorney had achieved a settlement (after suit but before trial), one which Mrs. Richardson found acceptable, did the dispute arise concerning the amount of attorneys' fees. Southern Shipbuilding and its insurer later found it necessary to file a concursus petition in the Civil District Court in Orleans Parish and deposit the $275,000 in the registry of the court. By agreement between the parties, Mrs. Richardson was permitted to withdraw from the court's registry $182,597, the balance of the fund being the amount in dispute.
[2] Actually it was a letter written by Mr. Robbert setting forth that the representation would be on a one-third contingency basis, a copy of which Mrs. Richardson signed and returned to the attorney.
[3] On this issue we agree with the Court of Appeal's finding that despite whatever ambiguity there may have been in the letter which contained the contingency fee contract, Mrs. Richardson understood the substance of the agreement.
[4] The issue concerning whether a tutrix was without authority to enter the contingency fee contract before securing court authorization was not reached because this Court on review found that the court authorization there, even had it preceded entry of the contract, did not explicitly authorize the fifty percent contingency contract there at issue.
[5] Article 4061 of the Code of Civil Procedure provides:

"Before a natural tutor enters upon the performance of his official duties, he must take an oath to discharge faithfully the duties of his office, cause an inventory to be taken, and cause a legal mortgage in favor of the minor to be inscribed, or furnish security, in the manner provided by law."
[6] Article 4171 of the Code of Civil Procedure provides:

"Before the person appointed as tutor enters upon the performance of his official duties, he must take an oath to discharge faithfully the duties of his office. A natural tutor shall include in his oath a list of the parishes in which he owns immovable property."