LEAR, Judge.
This action arises out of a dispute over attorneys’ fees wherein a wrongful death action was settled and judicially sanctioned. Appellants are Lorine (Lorene) Marcel Scott and her attorney, Gordon Hackman. After a review of the record and consideration of arguments herein, we affirm.
We find the facts as follows:
On June 22, 1977, Eugene Jospeh Marcel, Sr., died intestate aboard the M/V JIM AND JUDY in the territorial waters of Louisiana. At the time of his death, he owned property in the Parish of Terre-bonne, where he was domiciled. He was survived by a wife, Lorine Marcel, from whom he was judicially separated, and five minor children, all of whom were born of the marriage between the decedent and Lo-rine Marcel. Prior to his death, the care, custody and control of the minors was judicially vested in Eugene Joseph Marcel, Sr. During the pendency of these proceedings, Lorine Marcel remarried and is hereinafter referred to as Lorine Marcel Scott.
Subsequent to the death of Marcel, Lo-rine Marcel Scott petitioned the court on July 1, 1977, for appointment as provisional administrator, but no action was taken thereon. Joseph Trahan, the brother of Lo-rine Marcel Scott and uncle of the minor children herein, was appointed tutor of three of the minor children in October, 1977. He was appointed provisional administrator of the succession of decedent in *395 June, 1978, and authorized by court order to retain counsel to prosecute the claims of the minors and the decedent’s estate. The court granted express authority to Trahan to hire, on a contingency basis, the firms of Pullaro & Walker and Waitz & Downer to prosecute all claims which the succession and minors might have against any parties responsible for the death of Eugene Joseph Marcel, Sr.
Acting on the basis of the court’s order, these named law firms instituted suits in both state and federal court in behalf of the minor children and the estate. These suits were filed during June, 1978, just prior to the one-year prescription period. In the meantime, appellants had also instituted suits, ostensibly in behalf of the minors and Lorine Marcel Scott. No court authority had been given to Mrs. Scott or Hackman at the time to file such suits.
Joseph Trahan and Lorine Marcel Scott continued to litigate the issue of custody of the minors and probate of the estate. In the meantime, however, the court-sanctioned attorneys continued to litigate the claims of the minors and the estate and to engage in settlement negotiations.
In December, 1979, Joseph Trahan’s opposition to Lorine Marcel Scott was withdrawn and she was confirmed as tutrix of all of the minor children and as administra-trix of the estate of her deceased husband. Simultaneously therewith, the lower court signed an order terminating the representations of Hunt Downer and Eddie Pullaro and authorized Lorine Marcel Scott to compromise the claim of the minors and the estate of Eugene Joseph Marcel, Sr., against all defendants in the civil actions. The suit was compromised for the sum of $130,000.00. Lorine Marcel Scott was to receive $40,000.00 individually, and a total of $90,000.00 in behalf of the minors.
On December 20, 1979, Lorine Marcel Scott, appellant, filed a rule to show cause, inter alia, why settlement fund should not be disbursed. A petition for intervention was then filed by Waitz, Downer & Best, a law partnership, claiming its right to a contingency fee on the minors’ portion of the settlement. After hearing was held thereon, judgment was entered recognizing the contracts of Gordon Hackman as applicable only to the representation of the rights and interests of Lorine Marcel Scott. The court further held that the contracts of Huntington Downer, Jr. and Eddie Pullaro were applicable insofar as the minors’ rights and interests were concerned and awarded to them a contingency fee out of the proceeds of the minors’ portion of the settlement.
Appellants argue that the claim of Downer and Pullaro should be dismissed, except for a nominal fee award for filing suit. This argument is apparently based upon appellants’ contention that once the widow and mother hired appellant, Hackman, he was vested with the sole authority to represent the estate and the interests of the minor heirs. This argument, however, overlooks the fact clearly established of record that a provisional tutor was appointed and empowered to enter into the contingency contract here attacked. Such a contract has the full sanction of law and it was, therefore, incumbent upon appellants to challenge the court’s order by application to this court at the time the order was signed. The decision of Southern Shipbuilding Corporation v. Richardson, 372 So.2d 1188 (La.1979), which is cited by appellants, is distinguishable. In that case, unlike here, no application was made to the court for qualification as tutrix until settlement was about to be confected. Here, application was made and confirmation obtained some two and one-half years prior to settlement with the court giving its express approval of a contingency contract. We believe the facts established herein clearly foreclose any attack upon this contingency contract. We believe that the lower court has correctly followed our Supreme Court decision recently rendered in Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102 (La.1979) (on rehearing). The evidence, testimonial and documentary, coupled with the record herein, supports the trial court’s ruling. Here the records reflect that as of May 3, 1979, the defendants’ counsel had offered as much as $70,794.00 for the minor children *396 and that these negotiations were continuing. The trial court’s conclusion, therefore, that appellees were primarily responsible for the minors’ recovery in the amount of $90,000.00 is not clearly erroneous.
For the reasons aforesaid, the decision of the lower court is affirmed at appellants’ costs.
AFFIRMED.