(No. 62924.—

LEONARD C. ARNOLD, LTD., *et al.*, Appellants, v. THE NORTHERN TRUST COMPANY, Guardian, Appellee.

*Opinion filed February 20, 1987.—Rehearing denied March 30, 1987.*

158

James H. Canel, Ltd., and Leonard C. Arnold, Ltd., of Chicago (James H. Canel and Patricia N. Hale, of counsel), for appellants.

Behanna and Pasquesi, P.C., of Highland Park (Theodore A. Pasquesi, of counsel), for appellee.

JUSTICE SIMON delivered the opinion of the court:

Two questions are presented: Is a contingent-fee contract for legal representation entered into on behalf of a minor by his next friend *per se* unenforceable? Is Rule 9.20(e) of the Nineteenth Judicial Circuit (now Rule 14.21(e)), which places restrictions on the enforcement of some such agreements, a valid exercise of the circuit court's rule-making power?

On November 9, 1981, Glenda Sue Goodman, as mother and next friend of Jason Goodman, and her husband, James M. Goodman, hired attorneys Leonard C. Arnold and James H. Canel to represent them and their son in the prosecution of claims for injuries that Jason sustained at his birth on January 20, 1977. The Goodmans signed a written contingent-fee agreement providing that Arnold and Canel would receive one-third of all sums recovered, along with the costs incurred in the litigation. In the event of a second trial or appeal, the fee was to be 40% of the recovery. If there was no recovery, there would be no obligation to pay any fees. The agreement also recited that attorney James Franz had referred the case and that any fees would be divided on a 60-40 basis with him for his assistance.

Arnold and Canel (hereinafter referred to, along with Franz, as the attorneys) then filed a complaint in the circuit court of Lake County in which Glenda Sue Goodman, as mother and next friend of Jason, and Mr. and Mrs. Goodman, individually, sought recovery of damages against certain doctors and nurses and a hospital. Plain-

tiffs and defendants eventually reached a proposed settlement of the claims in the amount of $900,000, $75,000 of which was for damages sustained by the parents, with the remainder to go to the minor himself.

The attorneys filed a petition for settlement, requesting the circuit judge to approve the agreement reached among the parties as well as attorney fees in the amount of 33⅓% of the recovery. The court-appointed guardian *ad litem*, Leo J. Sullivan III, relying upon Rule 9.20(e) of the Nineteenth Judicial Circuit, objected to the fees requested by the attorneys. The rule restricts an attorney's fee for settlement of a minor's personal injury claim to 25% of the recovery unless the attorney files a sworn statement itemizing his work and hours and demonstrating that greater compensation is warranted. The circuit judge accepted the proposed settlement, including an award to the attorneys of 33⅓% of the $75,000 recovery by the parents. The judge ruled, however, that in the absence of a petition justifying the contractual fee the attorneys were entitled to a fee of only 25% of the $825,000 awarded to the minor. The court also appointed the Northern Trust Company (the guardian), guardian of the minor's estate.

The attorneys appealed, and the circuit court instructed Northern Trust to defend. The appellate court sustained Rule 9.20(e) as consistent with the court's duty to protect the estates of minors. (139 Ill. App. 3d 683.) In addition, the appellate court decided that the circuit judge had improperly failed to consider whether even the 25% fee eventually allowed the attorneys for representation of the minor was reasonable, and so reversed the award and remanded the cause to the circuit court to determine "the reasonableness of the fees earned." (139 Ill. App. 3d 683, 691.) We allowed the attorneys' petition for leave to appeal (103 Ill. 2d R. 315).

## I. ENFORCEABILITY OF CONTINGENT-FEE AGREEMENTS FOR REPRESENTATION OF MINORS

The guardian argues first that no contingent-fee agreement can be enforced against a minor or his estate. According to the guardian, the next friend of a minor may secure and employ counsel but is without authority to bind the minor's estate to pay any specified percentage of the recovery as a fee. Instead, says the guardian, the court, in the exercise of its duty to protect minors, must set a fee based on the reasonable value of the attorney's services without regard to the contract. The guardian reads the appellate court decision, reversing the award of 25% and remanding for the trial court to consider the reasonableness of the fees earned, as an application of the principle that the fee contract is unenforceable. The attorneys interpret that decision in the same way.

Courts are imbued with both the power and the duty to protect minors involved in litigation. (*Muscarello v. Peterson* (1960), 20 Ill. 2d 548, 555; *Tymony v. Tymony* (1928), 331 Ill. 420, 426-27; see also *Rosquist v. Soo Line R.R.* (7th Cir. 1982), 692 F.2d 1107.) The attorneys concede that this duty extends to consideration of the reasonableness of a contingent fee established in a contract between the minor's next friend and his lawyers. It does not follow, though, that a contingent-fee agreement made on behalf of a minor by his next friend is *per se* unenforceable and that an attorney can be compensated for representing a minor only on a *quantum meruit* basis. The next friend clearly has the authority, as the guardian admits, to employ legal counsel when necessary (*Yellen v. Bloom* (1945), 326 Ill. App. 134; *Goldberg v. Perlmutter* (1941), 308 Ill. App. 84), "and if she could employ counsel, it follows as a matter of course, she could make a contract for the amount of their compensa-

tion" (*Taylor v. Bemiss* (1883), 110 U.S. 42, 44, 28 L. Ed. 64, 65, 3 S. Ct. 441, 443; accord, *Southern Shipbuilding Corp. v. Richardson* (La. 1979), 372 So. 2d 1188, 1191).

"Although contingent fee contracts are subject to restrictions, especially if the client is a minor, such agreements have generally been enforced unless the contract is unreasonable." *Sneed v. Sneed* (Okla. 1984), 681 P.2d 754, 756; accord, *Southern Shipbuilding Corp. v. Richardson* (La. 1979), 372 So. 2d 1188, 1191 ("[t]he only impediment to the binding nature of [such] a contract \*\*\* would be in the event that the contract were to be unreasonable"); *Sanders v. Woodbury* (1912), 146 Ky. 153, 155, 142 S.W. 207, 208 ("the next friend of an infant may employ counsel to represent him and agree on the compensation to be paid, subject, however, to the limitation that the fee agreed upon shall be reasonable"); *Phillips v. Nationwide Mutual Insurance Co.* (Fla. App. 1977), 347 So. 2d 465; *cf. Cappel v. Adams* (5th Cir. 1970), 434 F.2d 1278 (district court acted within its discretionary powers in reducing the agreed-upon fee).

Significant considerations of public policy underlie the enforcement of reasonable contingent-fee agreements. "Contingent fee contracts are the basic means by which much litigation in tort is conducted in this State." (*In re Estate of Harnetiaux* (1968), 91 Ill. App. 2d 222, 227.) Such agreements are the "poor man's key to the courthouse door": they enable persons who cannot afford to retain an attorney on an hourly or fixed-fee basis to pursue their claims with competent counsel. (*In re Teichner* (1979), 75 Ill. 2d 88, 105; *Sneed v. Sneed* (Okla. 1984), 681 P.2d 754.) Contingent fees are thus rooted in our commitment to equal justice for both those of moderate means and the wealthy.

These considerations do not evaporate simply because the party in need of legal assistance is a minor. To the

contrary, the court's duty to protect minors is consistent with the policy of promoting access to the courts through reasonable contingent-fee agreements. A court can do nothing for a minor not before it, and injured minors are as likely as adults to require the key to the courthouse which contingent-fee contracts provide. If contingent-fee contracts were uniformly unavailable in cases involving minors and attorneys could only receive fees on a *quantum meruit* basis, the likely result would be to deprive many minors of quality legal representation.

In certain types of cases, contingent-fee agreements are, of course, unacceptable. Our Code of Professional Responsibility explicitly bars contingent-fee agreements for representation of criminal defendants or to procure a dissolution of marriage. (87 Ill. 2d R. 2—106(c)(4).) The rules do not, however, similarly stamp as unethical the making of a contingent-fee arrangement to represent a minor in a personal injury case.

The guardian suggests that counsel may petition the court for approval of the contract prior to filing suit and maintains that the failure to do so renders the agreement unenforceable. While prior court approval may be the more prudent approach, we find nothing in the Probate Act of 1975 (Ill. Rev. Stat. 1985, ch. 110½, par. 1— 1 *et seq.*) or the rules or decisions of this court which commands it. (See *Southern Shipbuilding Corp. v. Richardson* (La. 1979), 372 So. 2d 1188.) In fact, section 11—13(d) of the Probate Act of 1975 provides that, upon entry of bond for costs, "[a]ny proceeding on behalf of a minor may be commenced and prosecuted by his next friend, *without any previous authority or appointment by the court.*" (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 110½, par. 11—13(d).) Since an attorney will invariably be retained prior to the "commencement" of suit, this section strongly suggests that prior approval of the

retainer agreement is unnecessary. We therefore hold that a contingent-fee agreement, entered into on behalf of a minor by his next friend, is enforceable unless the terms are unreasonable.

## II. VALIDITY OF CIRCUIT RULE 9.20(e)

This brings us to the second question: whether the Nineteenth Judicial Circuit could validly establish a rule setting a conditional limit on such agreements. Rule 9.20(e) was slightly revised and renumbered as Rule 14.21(e), effective January 1, 1986. Rule 9.20(e) provided:

> "In all cases of settlements of causes of action based upon personal injuries to a minor or an incompetent, an allowance for fees shall not exceed 25% of the amount collected unless, upon sworn petition filed by the attorney or attorneys itemizing the work and hours involved, it shall appear to the Court that said percentage fee shall not fairly compensate the attorney or attorneys for the work performed. In this event, the Court shall fix the fee at whatever amount it considers to be fair and reasonable without regard to the aforesaid 25% limitation."

The appellate court found no conflict between the rule and either the statutes of this State or the rules of this court, and therefore concluded that it was valid. The attorneys submit that the rule exceeds the authority of the circuit court because it is not procedural and purports to modify the substantive law of the State.

Our Rule 21(a) provides that "a majority of the circuit judges in each circuit may adopt rules governing civil and criminal cases which are consistent with these rules and the statutes of the State, and which, so far as practicable, shall be uniform throughout the State." (87 Ill. 2d R. 21(a).) Similarly, section 28 of "An Act relating to the circuit courts" authorizes the courts to "make all such rules for the orderly disposition of business before

them as may be deemed expedient, consistent with law."
(Ill. Rev. Stat. 1985, ch. 37, par. 72.28.) And the Code of
Civil Procedure recognizes the ability of the circuit
courts, subject to supreme court rules, to "make rules
regulating their dockets, calendars, and business." Ill.
Rev. Stat. 1985, ch. 110, par. 1—104(b).

The terms of these provisions indicate that rules of
the circuit court must be procedural in nature; they can-
not change the substantive law. In *Kinsley v. Kinsley*
(1944), 388 Ill. 194, a rule of the superior court prohib-
ited any grant of a divorce unless the plaintiff appeared
in open court. This court invalidated the local rule be-
cause it imposed a limitation not required by substantive
law. In doing so the court stated: "In all matters of
practice and procedure, in facilitating the orderly dispo-
sition of business, the said courts have undoubted power
to adopt rules governing the same, *but they are without
authority to change the substantive law of the land.*"
(Emphasis added.) 388 Ill. 194, 197; see also *People ex
rel. Carey v. Power* (1975), 59 Ill. 2d 569, 574 (local rule
"cannot abrogate, modify or limit" a statute).

Rule 9.20(e) does not improperly change the substan-
tive law. As we have stated above, contingent-fee agree-
ments are enforceable unless they are unreasonable. The
circuit court rule does not contradict this principle, but
only provides a procedural mechanism for enforcing the
restriction embodied in the substantive law. The obvious
purpose and effect of this rule is to protect minors while
avoiding mini-trials over the reasonableness of the fees
claimed whenever a minor's personal injury case is set-
tled. Such proceedings would in most cases needlessly
consume a portion of the minor's estate and automati-
cally create an adversarial relationship between the at-
torney and his client.

The attorneys' attempt to analogize this rule to the
appearance rule in *Kinsley* misses the mark. The local

rule in *Kinsley* imposed an absolute bar to any divorce if the plaintiff did not or could not appear—the plaintiff in *Kinsley*, for example, was serving overseas in World War II at the time of the hearing—in a situation where the substantive law provided the right to a divorce. By contrast, we have not held here that attorneys have a right to enforce any contingent-fee contract for representation of a minor, but only those which are reasonable. Moreover, the circuit rule does not erect an absolute barrier to an attorney fee in excess of 25%, but only establishes a benchmark for the reasonableness determination. Since the substantive law providing for enforcement of reasonable contingent-fee agreements does not define "reasonableness" or prescribe the method by which judges should make this determination, Rule 9.20(e) cannot be thought to improperly modify the law.

The attorneys also perceive a conflict between the circuit rule and our Rule 2—106 (87 Ill. 2d R. 2—106). Rule 2—106 governs fees for legal services and makes it unethical for an attorney to charge an unreasonable fee or to contract for any contingent fee in certain types of cases. The attorneys apparently contend that since contingent fees for the representation of minors are not outlawed by our rule, the circuit rule conflicts with it. In a related point, the attorneys maintain that Rule 2—106 places the burden of showing the unreasonableness of a fee on its opponent, but the circuit rule reverses this burden of proof.

The attorneys' error lies in their failure to recognize that Rule 2—106 is an ethical rule, which is instructive but not binding in this situation. Simply because an attorney may not be subject to discipline for entering into a contingent agreement for a particular fee, it does not follow that the courts—which have a special duty to protect minors—must permit him to enforce an agreement for representing a minor in that amount. Nor is there a

conflict arising from the burden of proof required by the local rule; the disciplinary rule does not speak to the burden of proving unreasonableness. Naturally, in a disciplinary proceeding the burden must be on the prosecuting agency, the Attorney Registration and Disciplinary Commission. Outside of that context, there is nothing to suggest that an attorney is exempt from ever justifying a contractual fee. By placing the burden of justifying a contractual fee in excess of 25% on the attorney seeking to obtain it, the local rule does not clash with our rules or other provisions of law.

Finally, the attorneys note that various circuits have adopted differing rules, or no rules at all, governing contingent fees for the settlement of minors' personal injury cases. According to the attorneys, this lack of uniformity itself offends our Rule 21(a) (87 Ill. 2d R. 21(a)), which states that circuit court rules "so far as practicable, shall be uniform throughout the State." The attorneys cite no authority establishing that the failure to achieve the uniformity ideal is a sufficient basis for invalidating a local rule, and we can see no compelling reason for striking down Rule 9.20(e) simply because other circuits have acted inconsistently. It may be that the Nineteenth Circuit rule at issue here is a superior approach to those taken in other circuits, and it would surely be anomalous to invalidate this rule because other courts have promulgated less expedient ones. While uniformity may perhaps be preferable, it is also possible that differences in local conditions might warrant different approaches among the circuits.

Rule 9.20(e) represents a reasonable procedural method of carrying out the substantive law as established in this opinion. It is imperative, however, that the rule not be interpreted, as the appellate court did, to limit attorneys to a *quantum meruit* recovery. Such a reading of the rule would conflict with the principle that

attorneys are entitled to enforce reasonable contingent-fee agreements for the representation of minors.

If an attorney seeks to enforce an agreement in excess of 25%, he must, to comply with the directive of the rule, submit a petition justifying the amount claimed above that limit. As amended, the rule requires the attorney to include in the petition not only a statement of his work and hours, but also all "other relevant factors." Such factors may, we assume, include those set forth in Rule 2—106(b) of the Code of Professional Responsibility (87 Ill. 2d R. 2—106(b)).

Both the trial and appellate courts correctly upheld the local rule in this case. The appellate court erred, however, in suggesting that the trial judge had to require the attorneys to prove the reasonableness of a fee of 25% or less. Neither the plain terms of the local rule nor the substantive law requires that determination in every case. Such a requirement would undermine the manifest purpose of the rule, to establish a fair standard which will obviate the necessity of litigating the fee question in most cases. The circuit court was correct in awarding the attorneys 25% of the minor's recovery and in refusing to consider a greater award without a petition demonstrating that the contractual fee of 33⅓% was warranted. Since the attorneys elected to stand on their contention that the circuit rule was invalid and refused to present such a petition, they are not entitled to a remand for another opportunity to claim fees in excess of 25%.

For the reasons stated, the judgment of the appellate court is affirmed in part and reversed in part, and the judgment of the circuit court is affirmed.

*Appellate court affirmed in part and reversed in part; circuit court affirmed.*