*In re* ESTATE OF MELISSA WEEKS, a Minor (Gleason and Fritzshall, Appellant, v. Leslie Virzint, Guardian of the Estate of Melissa Weeks, a Minor, Appellee).

Third District   No. 3—93—0269

━━━━━━━━

Opinion filed January 20, 1994.

946

Argy Koutsikos, of Gleason & Fritzshall, of Chicago (Rick A. Gleason, of counsel), for appellant.

Leslie Virzint, of Joliet, appellee *pro se.*

George M. Stuhr and Lea A. Drell, both of Stuhr & Drell, of Joliet, guardians *ad litem.*

JUSTICE STOUDER delivered the opinion of the court:

The law firm of Gleason & Fritzshall appeals from that portion of an order of the circuit court that denied, in part, its claim for attorney fees against the estate of Melissa Weeks, a minor.

On June 1, 1992, the minor's mother, Leslie Virzint, signed a written contingency fee agreement under which she retained the firm of Gleason & Fritzshall to represent her as attorneys in the prosecution of claims for injuries to the minor child sustained from a dog bite. The injury occurred on April 6, 1992, while the minor was delivering newspapers. The minor suffered a tender swollen right leg as a result of two bite marks approximately three to four millimeters in diameter and several small scratches that manifested into an infection and cellulitis. On April 9, the minor was hospitalized with a diagnosis of cellulitis of the right leg and was discharged on April 17. The fee agreement provided that Leslie Virzint would pay to Gleason & Fritzshall 33⅓% of any gross recovery by way of settlement, 40% of any gross recovery after a lawsuit had been initiated, or 50% if an appeal was initiated. If there was no recovery, the agreement provided there would be no obligation to pay fees.

After negotiations, the minor was offered a structured settlement in the sum of $30,000 in present cash value as full and final settlement of all claims by the minor. The settlement terms provided for $20,000 payable at the time of settlement approval by the probate court and periodic payments in the amount of $3,615 per year made payable to the minor, beginning on her eighteenth birthday (June 21, 1997) and for three years thereafter.

At a hearing on the issue of the amount of attorney fees to be awarded to Gleason & Fritzshall, the court set aside the contingent

fee contract and applied a multiplier of the hours set forth in the attorneys' supplemental petition in support of request for attorney fees. A multiplier of $150 an hour for 20.5 hours was awarded for a sum of $3,075. Thus, Gleason & Fritzshall's attorney fees were reduced by $6,925. Gleason & Fritzshall filed a motion to reconsider the reduction in fees. The motion was denied. The court entered an order on March 8, 1993, that made the court's reduction of attorney fees from $10,000 to $3,075 a final and appealable order.

The sole issue on appeal is whether the trial court erred in reducing Gleason & Fritzshall's attorney fees. The only case directly relevant is the supreme court's opinion in *Leonard C. Arnold, Ltd. v. Northern Trust Co.* (1987), 116 Ill. 2d 157, 506 N.E.2d 1279. In that case, the attorneys for the injured minor had a contingent fee agreement that would give them 33⅓% of the recovery. After settlement, the trial court reduced the award of attorney fees to 25% based on Rule 9.20(e) of the Nineteenth Judicial Circuit. That rule placed a 25% of the amount recovered limit on attorney fees incurred on behalf of an injured minor. Attorneys could recover more than 25% only if it appeared to the court that that percentage did not fairly compensate them. The court held that a contingent fee agreement entered into on behalf of a minor by his or her next friend is enforceable unless the terms are unreasonable. In support of its holding, the court noted that significant public policy considerations supported the enforcement of reasonable contingent fee agreements. Specifically, the court noted that such agreements are the "poor man's key to the courthouse door," and that contingent fees are "rooted in our commitment to equal justice for both those of moderate means and the wealthy." (*Arnold*, 116 Ill. 2d at 164, 506 N.E.2d at 1281.) The court also upheld the validity of Rule 9.20(e) of the Nineteenth Judicial Circuit.

In the instant case, the settlement agreement was filed in the Twelfth Judicial Circuit. The Twelfth Judicial Circuit does not have a rule limiting contingent fees to 25% in minor's personal injury cases. Rather, there is a rule that provides in such cases the attorney representing the minor shall include in a sworn petition:

(1) the terms of the employment, with a copy of all contracts or correspondence verifying the same,

(2) an itemized statement of services rendered including hours spent and the purpose of each hour or part thereof,

(3) the customary and usual charges made by persons rendering similar services for the community, and

(4) any special circumstances which might bear on the question of fees.

(See 12th Jud. Cir. R. 11.21(d).) Notably the rule does not place a cap on contingent fee agreements, nor does it limit attorneys to recovery on a *quantum meruit* basis. The trial judge in this case, rather than focusing on the *terms* of the agreement as required by the supreme court in *Arnold,* employed a hindsight analysis and determined that the fees should be reduced to what the attorneys would have recovered on a *quantum meruit* basis. Such a consideration is clearly erroneous. If the attorneys had expended the same amount of time on the case, but recovered nothing for their client, the court surely would not have awarded them fees on a *quantum meruit* basis. We find nothing unreasonable in the terms of the contingent fee agreement, nor has the guardian *ad litem* for the estate of the minor adequately demonstrated that a 33⅓% of the amount recovered agreement is unreasonable. The trial judge apparently relied upon his duty to protect minors involved in litigation when he reduced the fee, but did not explain why the reduction was necessary to protect this minor. The minor's total medical bills amounted to $9,179.40 and her recovery was $30,000. The record reflects that the minor's attorneys did nothing other than a fine job on behalf of their client, and we believe they are entitled to have their contingent fee agreement enforced. Because the amount the attorneys were entitled to under the contingent fee agreement has already been established, we will increase the award ourselves rather than remanding the cause to the circuit court. The attorney fees to be awarded to Gleason & Fritzshall are increased to $10,000.

For the reasons stated, the judgment of the circuit court of Will County is affirmed as modified.

Affirmed as modified.

BARRY and LYTTON, JJ., concur.