2024 IL App (1st) 23-0945-U

No. 1-23-0945

Order filed December 31, 2024

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| ESTATE OF DANNY KIM, | ) | Appeal from the |
| | ) | Circuit Court of |
| (Zane D. Smith & Associates, Petitioners-Appellants). | ) | Cook County. |
| | ) | |
| | ) | No. 20 P 005505 |
| | ) | |
| | ) | Honorable |
| | ) | Carolyn J. Gallagher, |
| | ) | Judge, Presiding. |
| | ) | |

_____

JUSTICE ODEN JOHNSON delivered the judgment of the court.
Presiding Justice Mikva and Justice Navarro concurred in the judgment.

**ORDER**

¶ 1  *Held*:  (1) Cook County local court rule 6.5(1)(d) is a valid exercise of the circuit court's authority to create procedural rules to aid in the enforcement of substantive law. (2) We affirm the circuit court's award of attorney fees in an amount less than the contingent-fee agreement where the circuit court considered the settlement amount, costs, fees, and deductions provided in support thereof.

¶ 2  Petitioner Zane D. Smith & Associates appeals from the order of the circuit court of Cook

County which granted him attorney fees in an amount lower than the contingent fee agreement

signed by the Administrator of the Estate of Danny Kim. On appeal, petitioner contends that Rule 6.5(1)(d) of the Circuit Court of Cook County local rules is an invalid exercise of the Circuit Court's rulemaking power on the following grounds: (1) by impermissibly changing Illinois substantive law regarding the enforceability of reasonable contingent fee agreements; (2) by setting an absolute ceiling on contingent attorney fee agreements; (3) by failing to include any procedural mechanism by which the reasonableness of contingent fees in excess of one-third may be determined and awarded in the court's discretion; (4) by violating the due process rights of the parties; and (5) by setting limits on reasonable attorney fees which has a "chilling effect" on the ability of injured persons and decedents' estates to obtain counsel. For the following reasons, we vacate and remand with directions.

¶ 3     We note the unique posture of this case in that there is no appellee. The administrator of the estate has not joined in the proceedings, thus there is only one brief for consideration on appeal. We therefore consider the appeal pursuant to the principles set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131-33 (1976).

¶ 4                                     BACKGROUND

¶ 5     The record reveals that the decedent, Danny Kim, died while in the custody of the Cook County Sheriff on November 10, 2019. Petitioner was retained to handle the probate estate of decedent and, according to the 2020 attorney-client agreement signed by decedent's mother, Jessica Park (Park), also to "prosecute or settle all claims of personal injuries [of decedent] in or near Cook County." That agreement also contained a contingent fee clause as follows:

> "In consideration for services rendered by ZANE D. SMITH & ASSOCIATES, LTD., I agree to pay said attorney a sum equal to 33.3% of the gross amount recovered

before the case is filed. If the case is filed, then the attorney fee is 40% of the gross amount recovered from the claim. * * * In addition to the percentage fee involved, the Client agrees to not waive attorney's fees under 42 U.S.C. § 1983; 1988 [sic] if the matter is settled. The Client also agrees that should this matter settle, Attorneys shall have a right to Attorneys' fees as if he prevailed in full litigation, and Attorneys shall be compensated at their full rate(s), and reimbursed in full for costs and expenses, *before* the Client recovers monies from the settlement."

¶ 6       The attorney-client agreement does not contain a fee-sharing provision, although it does indicate that the client thereby gives the attorneys a lien on said causes of action, on all judgments recovered, and on all funds or property realized or paid by any compromise or settlement as security for the payment of their compensation, as well as costs and expenses incurred. Further, the agreement provides that the client agrees to pay all expenses incurred in the processing and settlement of the claim, including, but not limited to: "[p]hotographs, police reports, investigation fees, court reporter fees, doctor's medical and court appearance fees, court costs (subpoena fees and filing fees)."

¶ 7       At some point in 2020, petitioner filed a federal suit against the Cook County Sheriff's Office, *Jessica Park (Estate of Danny Kim) v. Thomas Dart*, 2020 CV 06662. Although a copy of that complaint is not contained in the record, we take judicial notice from the Cook County Board of Commissioners website that the Board approved the settlement of the suit for $875,000 on February 10, 2022, and that the funds were made payable to petitioner. Board of Commissioners of Cook County - File #: 22-1361.

¶ 8    Additionally, the record indicates that petitioner opened the probate estate on October 5, 2020, and that the circuit court entered an order declaring Park decedent's only heir on October 27, 2020. Park was appointed as independent administrator of decedent's estate the same day. Petitioner filed the final report of the independent administrator on January 17, 2023.

¶ 9    Petitioner filed several documents on January 20, 2023, once the settlement offer was received. First, petitioner filed a motion to close the estate, noting that the estate's only asset was the settlement funds. A first and final accounting for the estate, covering the period from 2019 to the present was also filed and noted that the estate had received the $875,000 settlement proceeds from the federal case filed against the Cook County Sheriff. Attached to the accounting was "Exhibit A" with a summary of total disbursements of $365,595.27. Included in that total were fees to Dennis Winkler, PC[1] for "probate services" on August 15 and December 31, 2022, in the aggregate amount of $8805.63, and "legal fees" for petitioner on February 16, 2022, for $350,000. There was no other reference to attorney fees included with the filing. Petitioner also filed a "petition to settle the wrongful death cause of action," based on the settlement offer for the federal case, and the same "Exhibit A" was attached to the filing.

¶ 10    The record reveals that the circuit court entered an order on January 30, 2023, which ordered petitioner to prepare a report of attorney fees pursuant to Rule 12.5 of the Cook County local rules, and to provide an explanation of attorney fees. The matter was then continued to February 10, 2023.

---

[1] We take judicial notice that Dennis Winkler, PC is a law firm according to the online records of the Illinois Registration and Disciplinary Commission (ARDC).

¶ 11 On February 7, 2023, petitioner filed an amended petition to settle the cause of action which was a restatement of the original petition. Attached was "Exhibit A" which indicated Park's relationship to the decedent, and "Exhibit B" which was the previously submitted summary of disbursements. Petitioner did not include a detailed fee petition as part of the filing. Additionally, petitioner filed a "Verification of Plaintiff's Counsel" in which it averred that the one-third limit imposed by Rule 6.5 of the Cook County Local Rules only applied to Cook County cases, whereas this was a federal case where the settlement was approved and the federal court was aware of the 40% fee.[2] The record indicates that the circuit court initially ordered the estate closed and approved the disbursement for $365,595.27 as submitted by petitioner on February 10, 2023. However, the circuit court also entered an order indicating that it would hear further argument regarding the attorney fees and continued the case to February 28, 2023. The case then continued again for status on the attorney fees pursuant to Cook County local rules 6.4, 6.5 and 12.15, and requested that the estate representative file a brief in support of the fees. Hearing was set for April 6, 2023.

¶ 12 On April 5, 2023, petitioner filed a copy of the attorney-client agreement signed by Park in 2020 and a motion for 40% of the fees pursuant to that agreement filed by petitioner on behalf of Park. The motion indicated that Park consented to a contingent fee of 40% and that the wrongful death and survival action was part of a federal case and that the federal court approved the settlement but was unaware of any probate fee limitations. The motion also stated that the circuit court refused to permit distribution of attorney fees in excess of one-third per Cook County local Rule 6.5. The motion also presented the same arguments petitioner makes in this appeal, namely

---

[2] Although petitioner alleges that the federal court was aware, petitioner has not provided any evidence to support that the federal court was aware of the 40% attorney fees or that any judgment or order was entered concerning the 40% fees.

that Rule 6.5 is an invalid exercise of the circuit court's rule-making power because it: (1) impermissibly changes Illinois substantive law regarding the enforceability of reasonable contingent fee agreements; (2) sets an absolute ceiling on contingent attorney fee agreements; (3) fails to include any procedural mechanism by which the reasonableness of contingent fees in excess of one-third may be determined and awarded in the court's discretion; (4) violates the due process rights of the parties; and (5) sets limits on reasonable attorney fees which has a "chilling effect" on the ability of injured persons and decedents' estates to obtain counsel. The motion did not address Rules 6.4 or 12.15 as requested by the circuit court.

¶ 13    The circuit court entered an order on April 13, 2023, continuing the motion regarding fees to May 5, 2023. On that date, the circuit court stated in open court that the motion was denied, after acknowledging that there were conflicting orders entered on February 10, 2023. The circuit court's written order stated that: the February 10, 2023, order of discharge was vacated and that the estate remained open pending further appeal; and the court reviewed the motion for 40% attorney fees and denied the motion based on Cook County local rule 6.5(1)(d). The order included Rule 304(a) (eff. Mar. 8, 2016) language. Petitioner filed its timely notice of appeal on May 23, 2023.

¶ 14                                    ANALYSIS

¶ 15   On appeal, petitioner restates its arguments made in its motion in the circuit court. Specifically, petitioner contends that Rule 6.5(1)(d) of the Circuit Court of Cook County local rules is an invalid exercise of the Circuit Court's rulemaking power on the following grounds: (1) by impermissibly changing Illinois substantive law regarding the enforceability of reasonable contingent fee agreements; (2) by setting an absolute ceiling on contingent attorney fee

agreements; (3) by failing to include any procedural mechanism by which the reasonableness of contingent fees in excess of one-third may be determined and awarded in the court's discretion; (4) by violating the due process rights of the parties; and (5) by setting limits on reasonable attorney fees which has a "chilling effect" on the ability of injured persons and decedents' estates to obtain counsel. Petitioner asserts that there is no substantive law establishing that contingent fees in excess of one-third of recovery for survival actions are categorically unreasonable, but also maintains that Rule 6.5(1)(d) changes substantive law by setting a ceiling of one-third as the maximum contingency fee.

¶ 16                    A. Attorney Fees and Contingent Fee Agreements in General

¶ 17    Attorney fees are an attorney's compensation for professional services rendered. In general, a trial court cannot award attorney fees to a party unless the fees are specifically authorized by a statute or by a contract between the parties. *Grauer v. Clare Oaks*, 2019 IL App (1st) 180835, ¶ 125. An attorney has the right to contract with respect to his compensation before he undertakes the business of the client. *Harnetiaux' Estate v. Hartzell*, 91 Ill. App. 2d 222, 228 (1968).

¶ 18    A contingent fee agreement between an attorney and his client is a contract between the parties. Contingent fee agreements are the basic means by which much litigation in tort is conducted in this State. *Leonard C. Arnold, Ltd. v. Northern Trust Co.*, 116 Ill. 2d 157, 164 (1987). Such agreements are the poor man's key to the courthouse door; they allow persons who cannot afford to retain an attorney on an hourly or fixed-fee basis to pursue their claims with competent counsel. *Id.* Contingent fees are rooted in our commitment to equal justice for both those of moderate means and the wealthy. *Id.*

¶ 19 Courts give particular scrutiny to fee arrangements between attorneys and clients, casting the burden on attorneys who have drafted the retainer agreements to show that the contracts are fair, reasonable, and fully known and understood by their clients. *Guerrant v. Roth*, 334 Ill. App. 3d 259, 265-66 (2002), (citing *Shaw v. Manufacturers Hanover Trust Co.*, 68 N.Y. 2d 172, 176 (1986)). With respect to contingent fee agreements, because attorneys and their clients generally do not have equal bargaining power, clients consequently need protection from the courts. *Guerrant*, 334 Ill. App. 3d at 266. Contingent fee agreements between an attorney and client are subject to certain requirements, as well as a court's supervision. *Id.* Contractual provisions for attorney fees are strictly construed, and fees cannot be recovered for any services unless they are provided for by the specific terms. *Id.* at 267. Thus, courts have the inherent power to supervise contingent fee agreements. *Id.*

¶ 20 Contingent fee agreements have generally been enforced unless they are unreasonable. *In re Estate of Sass*, 246 Ill. App. 3d 610, 614 (1993). However, courts are authorized to evaluate contingency fee arrangements to ensure that they are reasonable and do not result in an excessive fee. *Id.* Thus, we construe the contingent fee agreement strictly against petitioner in concert with our inherent power to supervise the reasonableness of a contingent fee agreement.

¶ 21 Generally, a trial court's decision to award attorney fees is not reversed absent an abuse of discretion. *Guerrant*, 334 Ill. App. 3d at 262; *Pietrzyk v. Oak Lawn Pavillion, Inc.*, 329 Ill. App. 3d 1043, 1046 (2002). The rationale for this standard is that a party challenging a trial court's decision regarding attorney fees is actually challenging the trial court's discretion in determining what is reasonable. *Guerrant*, 334 Ill. App. 3d at 262-63; *Pietrzyk*, 329 Ill. App. 3d at 1046. However, where the trial court has determined the construction of the contingent fee agreement as

a matter of law, we review such agreement *de novo*. *Guerrant*, 334 Ill. App. 3d at 263. Here, the record does not indicate that the circuit court made any findings of law regarding the contingent fee agreement, thus, we will apply an abuse of discretion standard to the circuit court's decision.

¶ 22                    B. Validity of Cook County Local Rule 6.5(1)(d)

¶ 23    Turning to the merits of petitioner's issue on appeal, we must determine whether Cook County Local Rule 6.5(1)(d) could validly set a conditional limit on contingency fee agreements in certain cases. As noted above, the attorney-client agreement between petitioner and decedent's estate was for 40% of any settlement proceeds if a case was filed.

¶ 24    Our review is *de novo*, as our task is to interpret local and supreme court rules and determine their compatibility. *Jones v. State Farm Mutual Automobile Insurance Co.*, 2018 IL App (1st) 170710, ¶ 20. Like any other statute, ordinance, or rule, local court rules have the force of law and are presumed to be valid unless the challenging party carries its burden of establishing otherwise. *Id.* ¶ 21.

¶ 25    Rule 6.5(1) provides, in pertinent part:

"(1) The procedures to be followed in cases involving actions for wrongful death or for personal injury brought by a representative on behalf of a decedent's estate shall be as follows:

(a) The judge hearing the case, upon the approval of a settlement as fair and reasonable or upon the entry of a judgment, shall adjudicate liens, determine the expenses, including attorneys' compensation, to be deducted from the settlement or judgment and shall determine the net amount distributable to each person entitled thereto pursuant to the provisions of the Wrongful Death Act or the Probate Act.

(b) In actions filed pursuant to the Wrongful Death Act brought by a personal representative appointed by the Probate Division, the distributable amount, based on dependency, shall be accounted for and administered in the Probate Division.

* * *

(d) Except as otherwise limited by rule or statute, attorneys' compensation shall not exceed one-third of the recovery if the case is disposed of in the trial court by settlement or trial. If an appeal is perfected, the compensation to be paid to the attorney shall not in any event exceed one half of the recovery." Cook County Cir. Ct. R. 6.5(1)(a), (b), (d) (Sept. 29, 2011).

¶ 26 Illinois Supreme Court Rule 21(a) provides that " a majority of the circuit court judges in each circuit may adopt rules governing civil and criminal cases which are consistent with these rules and the statutes of the State, and which, so far as practicable, shall be uniform throughout the State." Ill. S. Ct. R. 21(a) (eff. Jan. 1, 2023). [3] Similarly, section 28 of the Circuit Courts Act (Act) (705 ILCS 35/28 (West 2022)) authorizes courts to "make all such rules for the orderly disposition of business before them as may be deemed expedient, consistent with law." Additionally, section 1-104 of the Code of Civil Procedure (Code) recognizes the ability of the circuit courts, subject to the rules of our supreme court, to make rules regulating their dockets, calendars, and business. 735 ILCS 5/1-104(b) (West 2022).

¶ 27 As noted by our supreme court in *Arnold*, the terms of these provisions indicate that rules of the circuit court must be procedural in nature; they cannot change the substantive law. *Arnold*, 116 Ill. 2d at 167. In arguing that Rule 6.5(1)(d) changes "substantive law," petitioner does not

_____

[3] Prior versions of Rule 21 were effective December 30, 2022, and October 1, 2021.

define that term. We turn to the dictionary for the definitions of substantive and procedural law. Substantive law handles the legal relationship between individuals, or between individuals and the state. Https://legaldictionary.net/substantive-law. Substantive law differs from procedural law, in that it defines people's rights and responsibilities. *Id.* Procedural law focuses more on the rules that are used to enforce those rights and responsibilities. *Id.*

¶ 28    It is clear from the definitions above that local court Rule 6.5(1)(d) does not involve or change substantive law, which would be the Probate Act in this case, but rather, is procedural in nature, in accordance with Supreme Court Rule 21(a), Section 28 of the Act, and Section 1-104(b) of the Code, contrary to petitioner's assertions. The Probate Act does not have any provisions related to attorney fees, other than that they should be handled like other claims to an estate. See 755 ILCS 5/18-8 (West 2022). We therefore reject petitioner's notion that local court rule 6.5(1)(d) improperly changes the substantive law of the Probate Act, based on the principles stated in *Arnold*, the main case relied upon by petitioner.

¶ 29    In *Arnold*, our supreme court found that the circuit court Rule 9.20(e)[4] did not contradict the principle that rules cannot change substantive law, but rather it provided a procedural mechanism for enforcing the restriction embodied in the substantive law and upheld the validity of the rule. *Arnold*, 116 Ill. 2d at 168. The court noted that it did not hold that attorneys had the right to enforce any contingent-fee contract for representation of a minor but only those that were reasonable. *Id*. The court also found that Rule 9.20(e) did not pose an absolute barrier to an attorney fee in excess of 25%, but only established a benchmark for the reasonableness determination, and

---

[4] Rule 9.20(e) which was in effect at the time the *Arnold* case was decided, sets a conditional 25% limit on contingent-fee agreements entered into on behalf of a minor by his next friend in personal injury cases. 19th Judicial Cir. Ct. R. 9.20(e).

since the substantive law providing for the enforcement of reasonable contingent-fee agreements did not define "reasonableness" or prescribe the method by which judges should make that determination, the court fund that Rule 9.20(e) could not be thought to improperly modify the law. *Id.*

¶ 30　The same result is warranted here, where an attorney always has the right to enforce a contingent-fee contract that is reasonable, and where Rule 6.5(1)(d) does not change substantive law. Nothing in the circuit court's analysis of a petition for attorney fees under the rule eliminates its discretion in determining whether claimed fees are reasonable. Nor has petitioner adequately supported its arguments for the violation of due process and the chilling effect on attorney-client relationships. We further find that it is unnecessary for rule 6.5(1)(d) to contain a procedural mechanism that allows courts the discretion to determine whether fees are reasonable; that is already the standard for examining contingent-fee agreements as set forth by Illinois case law. None of petitioner's arguments are persuasive on this matter, and we therefore conclude that the circuit court did not err in applying Rule 6.5(1)(d) to petitioner's fee agreement to limit attorney fees under the contingent-fee agreement to one-third. However, our inquiry in this matter does not stop there.

¶ 31　We must determine whether the circuit court's award of contingent attorney fees equal to one-third of the settlement proceeds was reasonable and within its discretion. As noted above, contingency fee agreements are generally enforceable unless they are unreasonable. *In re Estate of Sass*, 246 Ill. App. 3d at 614.

¶ 32　Rule 1.5 of the Illinois Rules of Professional Conduct (Ill. R. Prof'l Conduct (2010) R. 1.5 (eff. Jan. 1, 2010) governs attorney fees. Section (a) provides that a lawyer shall not make an

agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses, and the factors to be considered in determining the reasonableness of a fee include the following:

"(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed, contingent, or some type of retainer. Ill. R. Prof'l Conduct (2010) R. 1.5(a) (eff. Jan. 1, 2010).

¶ 33     Additionally, section (d)(2) of Rule 1.5 governs contingent fees and provides that the agreement shall be in writing signed by the client; shall state the method by which the fee is to be determined; litigation and other expenses to be deducted from the recovery; must clearly notify the client of any expenses for which the client is liable whether or not the client is the prevailing party; and upon conclusion of a contingent fee matter, the lawyer shall provide the client with a written statement stating the outcome of the matter, and, if there is a recovery, showing the remittance to the client and the method of its determination. *Id*. R. 1.5(d).

¶ 34     Further, Rule 1.5 provides that a division of a fee between lawyers who are not in the same firm may be made only if: (1) the division is in proportion to the services performed by each

lawyer, or if the primary service performed by one lawyer is the referral of the client to another lawyer and each lawyer assumes joint financial responsibility for the representation; (2) the client agrees to the arrangement, including the share each lawyer will receive, and the agreement is confirmed in writing; and (3) the total fee is reasonable. *Id.* R. 1.5(f).

¶ 35    As part of our supreme court rules, Rule 1.5 has the force and effect of law. *Ferris, Thompson & Zweig, Ltd. v. Esposito*, 2017 IL 121297, ¶ 21. The rule is designed to protect the client, which has always predominated over the lawyer's right to recovery. *Richards v. SSM Health Care, Inc.*, 311 Ill. App. 3d 560, 564 (2000).

¶ 36    Here, petitioner makes no argument related to the reasonableness of any of the attorney fees charged to the estate; rather, petitioner focuses its argument only on the enforceability of the contingent-fee agreement itself. The record indicates that, in addition to the contingency fee agreement, petitioner provided the court with a summary list of expenses for deduction from the settlement, including various costs, petitioner's attorney fees of $350,000 and fees to another law firm for probate services in the amount of $8805.63 multiple times. The circuit court has broad discretion in awarding attorney fees (*Grauer*, 2019 IL App (1st) 180835, ¶ 131),  and we find that the circuit court conducted a hearing and considered arguments of the parties in determining the award of attorney fees in the amount of one-third of the settlement proceeds. We therefore find no abuse of discretion and affirm the award of attorney fees to petitioner.

¶ 37                                    CONCLUSION

¶ 38    For the foregoing reasons, we find that the circuit court of Cook County properly relied on Cook County local court rule 6.5(1)(d) in applying the proper percentage of contingent attorney fees. In doing so, we reject petitioner's contentions that Rule 6.5(1)(d) impermissibly changes

Illinois substantive law regarding the enforceability of reasonable contingent fee agreements; sets an absolute ceiling on contingent attorney fee agreements; fails to include any procedural mechanism by which the reasonableness of contingent fees in excess of one-third may be determined and awarded in the court's discretion; violates the due process rights of the parties; or sets limits on reasonable attorney fees which has a "chilling effect" on the ability of injured persons and decedents' estates to obtain counsel.

¶ 39    Affirmed.