*In re* ESTATES OF MELANIE MARIE HERROD *et al.*, Minors (Geraldine Jones, Petitioner-Appellant).

First District (6th Division)   No. 1—93—1067

Opinion filed September 30, 1993.

Sidley & Austin, of Chicago (David F. Graham, Linda M. Rio, and Lisa A. Palombo, of counsel), for appellant.

JUSTICE GIANNIS delivered the opinion of the court:

Petitioner appealed the circuit court's denial of her request for appointment of a standby guardian of her two minor children with custody to be transferred to the guardian upon petitioner's death or incapacity, or, in the alternative, for an order of joint custody.

The record reflects that the petitioner, Geraldine Jones, had been diagnosed with human immunodeficiency virus (HIV), the virus that causes acquired immunodeficiency syndrome (AIDS). As the single parent of Melanie Marie Herrod, 11 years old, and of Ebony Lynette Stevenson, five years old, petitioner sought appointment of a guardian with the actual transfer of custody to be effected when petitioner could no longer care for her daughters.

On December 22, 1992, petitioner filed a guardianship petition for each of her minor daughters. These petitions sought the appointment of petitioner's sister, Ms. Charlene Gonzalez, as guardian with a postponed custody transfer. Under this arrangement, referred to as a standby guardianship, the court would appoint Ms. Gonzalez as guardian while petitioner was still able to care for herself and for her children, but actual custody and control of the girls would be transferred to Ms. Gonzalez only when petitioner became unable to care for her daughters, as determined by her own admission, the statement of one of her physicians, or based upon her hospitalization.

Briefs in support of the guardianship petitions were filed by petitioner and by *amici curiae* AIDS Legal Council of Chicago and Families' and Children's AIDS Network. No opposing pleadings or briefs were filed in the trial court. In these briefs, petitioner and the *amici curiae* requested that the trial court exercise its discretion to appoint petitioner's sister as guardian of the minor children with the actual transfer of custody to be effected at a future date after petitioner has become unable to provide for the care of her daughters. The briefs requested, in the alternative, that the court enter an order of joint custody in petitioner and Ms. Gonzalez.

Petitioner sent notice of the guardianship proceedings to the father of five-year-old Ebony Lynette Stevenson, but he did not appear at either of the two hearings and did not file any pleadings in opposition to the petitions. The father of Melanie Marie Herrod died in 1986.

On January 25, 1993, counsel for petitioner and for the *amici curiae* appeared and presented the guardianship petitions to the court. Petitioner and her sister, the proposed guardian, were also present and, although they were not sworn, answered certain general questions posed by the trial judge. The court then took the matter under advisement, and the causes were continued to February 1, 1993.

On February 1, 1993, the trial judge issued his ruling almost immediately after the cases were called and without hearing any sworn testimony or argument by counsel. The court denied the requests for standby guardianships, finding that petitioner was still able to retain custody, control and care of the education of her minor children. The court stated that a temporary guardian could be appointed without delay upon the filing of an emergency petition. The court also stated that it was obligated to act in the best interests of the minors and was permitted to review the current condition of the proposed guardian and of the minors before appointing a temporary guardian. In addition, the trial court denied the request for an order of joint custody, finding that petitioner, as natural guardian, could assign or delegate any task to an agent to act or assist with the care of her children.

Petitioner filed a motion for reconsideration of the denial of her guardianship petitions. In support of this motion, petitioner filed the affidavits of seven persons who were familiar with HIV and AIDS, its effects on families, and the need for standby guardianships. These affiants described the reasons why they believed the alternatives to standby guardianship were inadequate. Upon review of petitioner's post-judgment motion and supporting affidavits, the trial court denied the motion for reconsideration.

Petitioner appealed, and this court granted her request for an expedited oral argument. After argument, but prior to the issuance of this opinion, petitioner died as a result of AIDS-related complications. Upon notice of petitioner's death, this court appointed Charlene Gonzalez as temporary guardian of the minors. (134 Ill. 2d R. 366(a).) Jurisdiction over the minors and the temporary guardian shall be retained by the trial court until a permanent guardian has been appointed.

Although the issues raised in this appeal have been rendered moot by petitioner's death, we address those claims under the well-recognized exception to the mootness doctrine applicable where the issue presented is of substantial public interest. See *People ex rel. Wallace v. Labrenz* (1952), 411 Ill. 618, 622, 104 N.E.2d 769.

Petitioner contended that the trial court erred in denying her request for appointment of her sister as a standby guardian.

■ Section 11—5(a) of the Probate Act of 1975 (the Act) provides as follows:

"Upon the filing of a petition by a reputable citizen of this State or on its own motion, the court may appoint a guardian of the person or estate, or both, of a minor whenever it appears necessary or convenient." Ill. Rev. Stat. 1991, ch. 110½, par. 11—5(a).

This section makes no express provision for the appointment of a standby guardian while the custodial parent is still living and competent.

Section 11—5(b) of the Act expressly provides for the parent's right to nominate a testamentary guardian to be appointed after the death of the custodial parent and states that the nomination of a testamentary guardian may be made by will and that such nomination does not deprive the surviving parent of the custody and care of the minor if the surviving parent is a fit and competent person. Ill. Rev. Stat. 1991, ch. 110½, par. 11—5(b).

The guardianship petitions filed in the instant case did not request the appointment of a testamentary guardian, but sought the appointment of a guardian who would assume control over the care and custody of the minors when petitioner became unable to care for them. The petitions, which specifically asserted that the appointment of a guardian was necessary and convenient, were apparently brought pursuant to section 11—5(a) of the Act. Ill. Rev. Stat. 1991, ch. 110½, par. 11—5(a).

Although the relief requested by petitioner is not expressly provided for in the Act, it is established that the circuit courts have ple-

nary jurisdiction over the persons and estates of minors which derives from common law and is independent of any authority given by the legislature in the Act. See *In re Estate of Suggs* (1986), 149 Ill. App. 3d 793, 797, 501 N.E.2d 307; *Hoffman v. Central National Bank* (1970), 130 Ill. App. 2d 246, 251, 264 N.E.2d 711; *In re Guardianship of Smythe* (1965), 65 Ill. App. 2d 431, 440-41, 213 N.E.2d 609.

■ The court's broad discretion in determining whether to appoint a guardian is not unlimited. (*Stevenson v. Hawthorne Elementary School, East St. Louis School District No. 189* (1991), 144 Ill. 2d 294, 302, 579 N.E.2d 852.) The sole responsibility of the trial court in appointing a guardian is to provide for the best interest and welfare of the minor, and the desires of the adult parties are secondary to the protection of the interests of the minor. (*In re Estate of Suggs*, 149 Ill. App. 3d at 798.) Whether appointment of a guardian is necessary or convenient is a factual determination and must be made in light of all of the relevant facts. *Stevenson*, 144 Ill. 2d at 302.

■ The record reflects that the trial court denied the relief requested by petitioner, finding that the appointment of a standby guardian was not necessary in the two cases before it. It did so, however, without hearing any sworn testimony or other evidence. We hold that the trial court should have held an evidentiary hearing on the best interests of the minors and the propriety of appointing the maternal aunt as standby guardian. Accordingly, we reverse the rulings of the trial court.

We note that Public Act 88—202 specifically provides for the appointment of a standby guardian when such appointment is in the best interests of the minor and becomes effective January 1, 1994. Thus, any requests for appointment of standby guardians brought after that date will be governed by the policies and directives contained in the statute.

In light of our determination, we need not address the remaining issue raised by petitioner.

For the foregoing reasons, the judgments of the circuit court of Cook County are reversed, and the cause is remanded for further proceedings on the appointment of a permanent guardian.

Reversed and remanded.

EGAN and RAKOWSKI, JJ., concur.