848

*In re* MARRIAGE OF CONSTANCE SNYDER, n/k/a Constance Dubin, Petitioner-Appellant, and JAMES P. SNYDER, Respondent-Appellee.

First District (5th Division) No. 1—93—0233

Opinion filed January 27, 1995.

Davis, Friedman, Zavett, Kane & MacRae, of Chicago (Robert T. Badesch, of counsel), for appellant.

Grund & Nadler, P.C., of Chicago (David I. Grund and Richard S. Zachary, of counsel), for appellee.

PRESIDING JUSTICE COUSINS delivered the opinion of the court:

Constance Dubin (appellant) filed a petition against James Snyder (respondent) to establish child support. The trial court dismissed the petition, holding that no statutory provision existed upon which the trial court could exert subject matter jurisdiction over the petition. On appeal, appellant contends that the trial court had subject matter jurisdiction through its plenary jurisdiction in child support actions, and thus no statutory basis for the petition was necessary.

We affirm.

BACKGROUND

Appellant and respondent were married on July 24, 1972. One child from the marriage, Melissa, was born on December 8, 1974. On July 6, 1978, a final judgment for dissolution of marriage was entered in Denmark. The judgment directed respondent to pay alimony for

three years, but made no provisions for child support. From 1981 until 1988, respondent gave several voluntary payments to appellant.

On October 15, 1990, appellant filed a petition to establish child support. At the time of the filing, appellant and Melissa lived in California, while respondent was a resident of Illinois living in Cook County.

Following an unsuccessful motion to quash service of summons, respondent filed a response to the petition on June 12, 1991. On October 1, 1992, respondent filed a motion to dismiss the petition pursuant to section 2—619 of the Illinois Code of Civil Procedure (735 ILCS 5/2—619 (West 1992)). Respondent's motion alleged that the trial court did not have subject matter jurisdiction because no statutory authority was used as the basis for the petition to establish child support. On December 16, 1992, respondent's motion to dismiss was granted. This appeal followed.

OPINION

I

Appellant contends that a petition for child support does not require a statutory basis. We disagree. Appellant relies on *Zalduendo v. Zalduendo* (1977), 45 Ill. App. 3d 849, 360 N.E.2d 386, which held that plenary jurisdiction can be used for a child support action in the absence of any statutory basis for the action. (See also *Skilling v. Skilling* (1982), 104 Ill. App. 3d 213, 432 N.E.2d 881.) Trial courts do have plenary jurisdiction over the persons and estates of minors which derives from common law and is independent of any authority given by the legislature. (*In re Custody of Cannon* (1994), 268 Ill. App. 3d 937; *In re Estates of Herrod* (1993), 254 Ill. App. 3d 1061, 1064-65, 626 N.E.2d 1334.) The Illinois Supreme Court has relied "on the longstanding power of courts of equity to resolve child custody disputes." (*People ex rel. Lehman v. Lehman* (1966), 34 Ill. 2d 286, 291, 215 N.E.2d 806.) However, *Cannon, Herrod,* and *Lehman* all restricted the use of plenary jurisdiction to child custody matters. *Lehman* reasoned that "child custody is an area in which emotions of the most basic sort are deeply involved; in such an area, the social reasons for the creation of the courts have their clearest application." *Lehman,* 34 Ill. 2d at 289.

Dissolution of marriage and collateral matters such as child support are entirely statutory in origin and nature. (*In re Marriage of Henry* (1993), 156 Ill. 2d 541, 544, 622 N.E.2d 803; *Strukoff v. Strukoff* (1979), 76 Ill. 2d 53, 60, 389 N.E.2d 1170.) Equity courts have no inherent power in dissolution cases, and the jurisdiction of a court in

a dissolution proceeding is limited to that conferred by statute. (*In re Marriage of Milliken* (1990), 199 Ill. App. 3d 813, 817, 557 N.E.2d 591.) "[D]issolution and its collateral issues of support are *purely statutory* \*\*\*." (Emphasis added.) (*Henry*, 156 Ill. 2d at 549.) To the extent that *Zalduendo* and *Skilling* hold that plenary jurisdiction may apply to child support matters, those two cases are inconsistent with *Henry, Milliken,* and *Strukoff.*

*Zalduendo* and *Skilling* both cited *Cowles v. Cowles* (1846), 8 Ill. 435, to sustain their finding that plenary jurisdiction exists in child support cases. However, *Cowles* did not extend its jurisdiction holding beyond the issue of child custody. The Illinois Supreme Court in *Lehman* accurately described the holding in *Cowles,* stating, "Rather than base its decision on the statute, the [*Cowles*] court declared that the Divorce Act had added nothing to the ancient power of courts of equity to determine *custody cases.*" (Emphasis added.) (*Lehman,* 34 Ill. 2d at 289.) After citing *Zalduendo, Cannon* delineated the appropriate use of plenary jurisdiction: "[b]ased upon the compelling and exigent circumstances of this case \*\*\* the exercise of plenary powers to provide for the temporary, rather than permanent, custody of the children with petitioner was appropriate." (*Cannon,* 268 Ill. App. 3d at 944.) *Cannon* expressly limited plenary jurisdiction to these boundaries, warning that to allow more could set judges "roaming at will in pursuit of [their] own ideal of beauty or of goodness." (*Cannon,* 268 Ill. App. 3d at 944.) While *Skilling* argued that "there is no presumption that the statutory means is intended to be exclusive" (*Skilling,* 104 Ill. App. 3d at 221), the Illinois Supreme Court in *Henry* and *Strukoff* has established that child support is one area in which statutory exclusivity applies.

## II

We additionally note that even under the authority of *Zalduendo* and *Skilling,* appellant could not establish plenary jurisdiction because her child Melissa is a resident of California. *Zalduendo* bases its far-reaching plenary power on the responsibility of the State to protect its own minor inhabitants under " '[t]he power of a court of Chancery to interfere with and control, not only the estates but the persons and custody of all minors *within the limits of its jurisdiction.*' " (Emphasis added.) (*Zalduendo,* 45 Ill. App. 3d at 855, quoting *Cowles,* 8 Ill. at 436-37.) *Skilling* held that "matters concerning the welfare of a child *in this State,* including the duty of the father to support the child, have always been matters within the court's power to determine." (Emphasis added.) (*Skilling,* 104 Ill. App. 3d at 220.) Because Melissa resides outside Illinois, no justification or basis ex-

ists for plenary jurisdiction in the instant matter even within the scope of *Zalduendo*. See *Zalduendo*, 45 Ill. App. 3d at 855.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

GORDON and T. O'BRIEN, JJ., concur.